NO. 07-02-0039-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 8, 2002

_____

JERRY MOORE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 19633-C; HONORABLE PATRICK A. PIRTLE, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Jerry Moore, a penal inmate, is seeking to obtain DNA testing pursuant to the newly enacted Chapter 64 of the Code of Criminal Procedure. Appellant was convicted of burglary in 1980. Chapter 64 became effective April 5, 2001. By virtue of that chapter, a convicted person may file a motion in his convicting court seeking DNA testing of evidence available at the time of his conviction, but which has not been tested. Tex. Code Crim. Proc. Ann. art. 64.01 (Vernon Supp. 2002). Article 64.01 requires that a

motion filed under that article be accompanied by an affidavit setting out the facts supporting the motion. *Id.* at art. 64.01(a).

On December 11, 2001, appellant filed a document in the trial court (his convicting court) in which he requested DNA testing under article 64.01. He averred the record was needed so that he could "point out the specific areas in his records that support his request for DNA testing." On December 13, 2001, by written order, the trial court overruled his motion. Appellant now seeks to appeal that order.

Appellant has filed a pro se brief in which he argues the denial of his request denies him his due process rights and effectively precludes him from obtaining the benefits of chapter 64 because 1) without a record, he cannot provide the specific facts required to show his entitlement to the relief he requests, and 2) he could be subject to liability for submitting an affidavit based on his potentially erroneous memory of events that occurred over 20 years earlier. The State has filed a reply brief.

Our first obligation is to determine if we have jurisdiction to hear this appeal. Article 64.05 provides for an appeal from a finding under articles 64.03 (order for testing) and 64.04 (finding as to whether the results of testing were favorable) to a court of appeals, unless the conviction was for a capital offense, in which case the appeal is to the Court of Criminal Appeals. Tex. Code Crim. Proc. Ann. art. 64.05 (Vernon Supp. 2002); *see also Kutzner v. State*, No. 74,135, slip op., 2002 WL 532423 (Tex.Crim.App. April 10, 2002) (discussing appellate rights under Chapter 64). This statute provides that a denial of an

order to have DNA tested or a finding that the results were not favorable is appealable. *See* Tex. R. App. P. 25.2(b)(2) (on perfecting appeal from a judgment "or other appealable order"). The order from which appellant seeks to appeal is not within the scope of article 64.05 and is, therefore, interlocutory. Thus, appellant can only present this complaint in the context of an appeal from the denial of a motion for DNA testing or an appeal from the finding as to the results of a DNA test.

Without expressing any opinion on the merits of appellant's complaint, we find we have no jurisdiction at this time. Thus, we must, and do, dismiss this appeal for lack of jurisdiction.

John T. Boyd
Chief Justice

Publish.