**The STATE of Texas, Appellant,**

v.

**James Douglas WALLER, Appellee.**

**No. 05–02–01173–CR.**

Court of Appeals of Texas,
Dallas.

April 28, 2003.

———————

Randy Schaffer, Houston, for appellee.

Kate Calvert, Assistant District Attorney, Dallas, for appellant.

Before Justices MOSELEY, O'NEILL, and LAGARDE.[1]

## OPINION

Opinion by Justice MOSELEY.

 James Douglas Waller filed a motion for post-conviction DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 64.01 (Vernon Supp. 2003). A trial court granted the motion and found the results of mtDNA testing favorable to Waller. The State appeals asserting, in a single point of error, the trial court erred by finding the mtDNA results favorable to Waller. Waller has filed a motion to dismiss this appeal, contending this Court does not have jurisdiction. For the reasons below, we grant Waller's motion and dismiss this appeal for want of jurisdiction.

 Unless the legislature has authorized the State to appeal a trial court's finding in a Chapter 64 DNA challenge, we do not have jurisdiction over this appeal. *See State v. Ramirez*, 62 S.W.3d 356, 358 (Tex.App.-Corpus Christi 2001, no

pet.); *see also* TEX. CONST. art. V, § 26 (State has a right "to appeal in criminal cases, as authorized by general law."). A Chapter 64 post-conviction DNA proceeding is a "criminal case" for purposes of appeal. *See Kutzner v. State*, 75 S.W.3d 427, 431 (Tex.Crim.App.2002). Texas courts have uniformly recognized article 44.01 of the Code of Criminal Procedure as the only "general law" authorizing the State to appeal in a "criminal case." *See, e.g., State v. Wilcox*, 993 S.W.2d 848, 850 n. 2 (Tex.App.-Austin 1999), *pet. dism'd*, 18 S.W.3d 636 (Tex.Crim.App.2000); *State v. Mohsene*, 936 S.W.2d 732, 734 (Tex. App.-Dallas 1996, no pet.); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.01 (Vernon Supp. Pamph.2003). However, article 44.01 currently does not authorize the State to appeal a post-conviction DNA favorable finding under Chapter 64.[2] *See State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim.App.2002).

Acknowledging article 44.01 does not authorize its appeal in this case, the State instead relies on article 64.05 of the Code of Criminal Procedure as a basis for bringing this appeal. Article 64.05 states: "An appeal of a finding under Article 64.03 or 64.04 is to a court of appeals, except that if the convicted person was convicted in a capital case, the appeal of the finding is a direct appeal to the court of criminal appeals." TEX.CODE CRIM. PROC. ANN. art. 64.05 (Vernon Supp.2003).

The State contends the clear and unambiguous language of article 64.05 authorizes it to appeal a trial court's erroneous favorable finding. While we agree with the State that the language of article 64.05

---

1. The Honorable Sue Lagarde, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

2. We take judicial notice that currently in both houses of the Texas Legislature identical bills have been proposed to amend article

44.01 to grant the State a right to appeal all orders issued under Chapter 64. TEX. S.B. 543 & TEX. H.B. 1011, 78th Leg., R.S. (2003); *see Gaston v. State*, 63 S.W.3d 893, 900 (Tex. App.-Dallas 2001, no pet.).

is clear and unambiguous, we do not agree it authorizes the State to appeal a finding of a post-conviction DNA test result.

When interpreting a statute, we necessarily focus on the literal text of the statute to discern the plain meaning of that text at the time of the statute's enactment. *See Ex parte Evans,* 964 S.W.2d 643, 646 (Tex.Crim.App.1998); *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991). If the literal text of the statute is clear and unambiguous, we give effect to its plain meaning without resorting to extraneous means to interpret the statute, unless the plain meaning would lead to absurd results. *Kutzner,* 75 S.W.3d at 433 (citing *Boykin,* 818 S.W.2d at 785).

The plain meaning of article 64.05's literal text deals with whether the court of appeals or the court of criminal appeals has exclusive jurisdiction over an appeal of a finding made pursuant to article 64.03 or 64.04. It does not address at all who may appeal those findings. Clearly, no absurd results would follow from this construction. Rather, whether the State can appeal remains governed by article 44.01. Therefore, we must give effect to article 64.05's plain meaning. *Boykin,* 818 S.W.2d at 785.

The State argues that *Patrick* implicitly recognizes the State's right to appeal under article 64.05. *Patrick* expressly held that the State, under the facts of that case, did not have a basis for an appeal. 86 S.W.3d at 594. Thus, *Patrick* was decided on narrower grounds and never reached the broader issue of whether article 64.05 is a separate, independent grant of authority for the State's appeal.

The State also proffers a policy argument for why it should have a right to appeal a trial court's favorable finding of a post-conviction DNA result for a convicted person under article 64.04. The State contends it would be forced "to expend significant resources protecting the verdict and opposing the writ [of habeas corpus]" without a right to appeal a favorable finding. The State does not explain how it would expend fewer resources by arguing a favorable finding in an appeal to this Court versus arguing its opposition to a writ of habeas corpus before the court of criminal appeals.[3] In any event, however, the State's policy argument must still fail. We have no authority to authorize the State a right to appeal and thus grant ourselves jurisdiction over this appeal. *See Rushing v. State,* 50 S.W.3d 715, 722 (Tex.App.-Waco 2001), *aff'd,* 85 S.W.3d 283 (Tex. Crim.App.2002). Only the legislature has the authority to authorize this or any appeal. *See id.*

Having concluded the legislature has not currently authorized the State to appeal a trial court's finding that a post-conviction DNA test is favorable to a convicted person, we have no jurisdiction over this appeal. *See Ramirez,* 62 S.W.3d at 358. Accordingly, we dismiss this appeal for want of jurisdiction.

---

3. As the State acknowledged in its brief, a favorable finding by a trial court is only a "springboard for habeas relief for defendants." Regardless of a trial court's favorable finding, only the court of criminal appeals can, on an application for a writ of habeas corpus, grant a convicted person a new trial. *See* TEX.CODE CRIM. PROC. ANN. arts. 11.07, § 5 & 11.071, § 11 (Vernon 1977 & Supp.2003).