IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 74,522






BRYAN ERIC WOLFE, Appellant



v.



THE STATE OF TEXAS





ON APPEAL FROM ORDER OF DNA TESTING


FROM THE 252
ND DISTRICT COURT OF


JEFFERSON COUNTY






 Meyers, J., delivered the opinion of the Court in which Keller, P.J., and
Price, Johnson, Holcomb, and Cochran, J.J., joined. Womack and Hervey, J.J.,
concurred in the judgment. Keasler, J., filed a concurring opinion.


O P I N I O N 


 Appellant Bryan Eric Wolfe was convicted of capital murder and sentenced to death. 
We affirmed the conviction and sentence on March 6, 1996. Appellant subsequently moved
for post-conviction forensics testing pursuant to Chapter 64 of the Texas Code of Criminal
Procedure and requested money for appointment of an independent expert to review both the
trial DNA test results and the post-conviction DNA test results. The convicting court
granted the motion for post-conviction DNA testing, but denied appellant's request to be
appointed an independent expert. Appellant appeals solely on the basis that he is entitled to
have an independent expert appointed to review both sets of DNA test results for him.

Facts

 In 1992, an 84-year-old woman was found stabbed to death in her home. Using the
R.F.L.P. DNA testing method, Cellmark Diagnostics (1) ran DNA tests on a bloody towel
found in the victim's home and on scrapings found outside the victim's front door. Cellmark
then compared those test results to the banding patterns found in DNA samples from
appellant, an African-American. The banding patterns from the bloody towel matched
appellant's DNA and showed that the odds of another African-American having the same
banding patterns were 1 in 1.17 million. The banding patterns from the scrapings on the
door showed a 1 in 16 million likelihood that another African-American would match the
same DNA pattern. Appellant was convicted, and later requested additional DNA testing
under Chapter 64. The trial judge ordered the Texas Department of Public Safety (DPS) to
conduct DNA tests using the newer PCR/STR (2) method. Appellant made no objection to the
selection of the DPS as the testing laboratory. The results of the new tests also matched
appellant's DNA. The tests on samples from the bathroom floor, bathtub, and a bedroom
towel indicated that the odds of another African-American matching the DNA pattern were 1
in 1.2 quintillion. The samples from the doorknob scrapings, the bathroom counter, and a
bathroom towel, resulted in odds of another match at 1 in 415 trillion African-Americans. 
And the DNA samples from a black coin purse found on the victim resulted in odds of 1 in
1.2 quintillion. 

 Appellant alleges there is a conflict between the pre-trial DNA test results and the
post-conviction DNA test results, and that neither he nor his attorney is capable of
understanding the results without expert assistance. Appellant argues that he must be
appointed an independent DNA expert to review the results and explain them to his attorney. 
Without the right to expert assistance, appellant urges that he is being denied his Sixth
Amendment right to effective assistance of counsel, as well as being denied the proper tools
to attack the evidence against him. The State, however, asserts that no conflict exists
between the two sets of test results. Rather, the State insists that the post-conviction test
results more conclusively link appellant to the crime. Furthermore, the State contends that
appellant is making a collateral attack not authorized under Chapter 64 of the Texas Code of
Criminal Procedure.

Issue

 The issue presented by appellant is whether the district court erred in denying
appellant expert assistance with regard to its Chapter 64 hearing. In order to answer this
question, we must first determine whether, under Chapter 64 of the Texas Code of Criminal
Procedure, an indigent defendant can appeal a decision by the convicting court denying him
an independent expert, or whether such an action is merely a collateral attack for which no
appeal is authorized. We agree with the State that appellant's attack is collateral and thus not
within the scope of appeal as laid out by Article (3) 64.05 of the Texas Code of Criminal
Procedure.

Legislative History

 Whenever possible, this Court interprets a statute pursuant to its "plain [textual]
meaning" and will not consult outside sources unless the statute is ambiguous or unless its
literal translation will result in "absurd consequences." Boykin v. State, 818 S.W.2d 782,
785 (Tex. Crim. App. 1991). Our overall goal is, of course, to carry out the legislative
intent. Id. at 785; Kutzner v. State, 75 S.W.3d 427, 433 (Tex. Crim. App. 2002). Article
64.05 is unambiguous on its face. (4) However, because our primary goal is to carry out the
legislative intent of the statute, we provide the legislative history of Chapter 64 in order to
highlight the harmony between the legislative intent and our holding today.

 Article 64.05 of the Texas Code of Criminal Procedure sets out the appeal process
under Chapter 64. Tex. Code Crim. Proc. Ann. art. 64.05 (Vernon Supp. 2003). At the
time of appellant's motion, Article 64.05 read in pertinent part that "[a]n appeal of a finding
under Article 64.03 or 64.04 is to a court of appeals, except that if the convicted person was
convicted in a capital case, the appeal of the finding is a direct appeal to the court of
criminal appeals." Id. (emphasis added). In a recent case, this Court noted that, "[a]lthough
Article 64.05 provides for appealing a finding under Articles 64.03 or 64.04, there are no
provisions for appealing a finding regarding indigence or appointment of counsel under
[Article] 64.01(c)." Neveu v. Culver, 105 S.W.3d 641, 643 (Tex. Crim. App. 2003). In
Kutzner v. State, this Court observed that Senate Bill 3 (now codified as Chapter 64) as
originally drafted did not authorize an appeal of any of the trial judge's Chapter 64
determinations. Tex. S.B. 3, 77th Leg., R.S., 2001 Tex. Gen. Laws 2; Kutzner, 75 S.W.3d at
433. Later, by amendment, the Senate Jurisprudence Committee added wording to allow
appeal of a finding under Article 64.04. See Senate Jurisprudence Comm., Bill
Analysis, Tex. S.B. 3 at 3-4, 77th Leg., R.S., (February 13, 2001). The language authorizing
appeal of findings under Article 64.03 was not added until even later, by an additional
amendment. See House Criminal Jurisprudence Committee, Bill Analysis, Tex. S.B.
3 at 3, 77th Leg., R.S., (March 4, 2001); see also Kutzner at 434. In Kutzner, this Court
acknowledged that, before specifically adding the provision for appeals as to Article 64.03,
Article 64.05 necessarily restricted appeals solely to those matters falling under Article
64.04. Kutzner, 75 S.W.3d at 434. We adopt that position today. Because it was necessary
for the legislature to add specific language to authorize an appeal of determinations under
Articles 64.03 and 64.04, and because the legislature did not designate any other sections in
Article 64.05, the legislative intent is in harmony with the plain language of the statute; the
statute does not authorize an appeal of findings under any articles other than 64.03 and
64.04. The question thus becomes whether the decision by the trial court denying appellant
a post-conviction DNA expert falls under the scope of Articles 64.03 or 64.04. We believe
it does not.

Discussion

 The convicting court's decision to deny appointment of a post-conviction DNA
expert does not fall within the purviews of Article 64.03 or 64.04 and is therefore not
reviewable on appeal under Article 64.05. Article 64.03 provides the specific requirements
that must be met for a judge to grant post-conviction DNA testing. Tex. Code Crim. Proc.
Ann. art. 64.03(a), (c) (Vernon Supp. 2003). It also specifies the procedure by which a
laboratory is selected for testing, the standards that must be met by testing facilities, and the
procedure for handling test results. Id. at 64.03(c)-(e). In appellant's case, the trial court
granted the motion for post-conviction DNA testing under Chapter 64. However, appellant
does not contest the granting of the post-conviction DNA testing. Nor does appellant
contest the selection of the DPS laboratory as the testing facility, the qualifications of the
laboratory, or how the test results were handled. Article 64.03 makes no mention of
independent expert review, and a decision by the judge concerning whether to appoint an
expert for the appellant has no bearing on the areas within that article's scope. Therefore,
this attempt to appeal does not fall under Article 64.03. 

 Article 64.04 orders the trial judge to "hold a hearing and make findings as to
whether the results are favorable" to appellant. Tex. Code Crim. Proc. Ann. art. 64.04
(Vernon Supp. 2003). It also sets out the standard by which the court may find the results
favorable ("had the results been available before or during the trial of the offense, it is
reasonably probable that the person would not have been prosecuted or convicted"). Id. 
Here, the court made a finding that the results were not favorable. While appellant could, he
does not contest that finding. In fact, appellant's attorney admitted that the court's ruling on
the tests was fair and that the results were "unfavorable" under the Chapter 64 test. No
language in Article 64.04 could be interpreted to expand the trial judge's authority to rule
beyond the "favorable" or "not favorable" findings. 

 Chapter 64 authorizes the convicting court to order DNA testing, and no more. In
Patrick v. State, 86 S.W.3d 592 (Tex. Crim. App. 2002), this Court noted that before
Chapter 64 was enacted, no trial court had jurisdiction to make orders related to post-conviction DNA testing. Chapter 64 expanded the jurisdiction of the trial court, but only to
the extent prescribed by the statute. Only the Legislature can give a court authority to hear
an appeal. State v. Waller, 104 S.W.3d 307, 309 (citing Rushing v. State, 50 S.W.3d 715,
722 (Tex. App.- Waco 2001), aff'd 85 S.W.3d 283 (Tex. Crim. App. 2002)). We hold that
because the legislature has not specifically provided for appeals of issues unless they are
within 64.03 or 64.04, the trial court's refusal to appoint an expert is not appealable under
Chapter 64.

 We acknowledge that House Bill 1011, amending Chapter 64, became effective on
September 1, 2003 (after appellant filed this appeal). Act of Sept. 1, 2003, 78th Leg., R.S.,
ch.13, 2003 Tex. Gen. Laws 13 ( to be codified as an amendment to Tex. Code Crim. Proc.
art. 64 (2001)). The Bill changed Article 64.05 from originally reading "[a]n appeal of a
finding under Article 64.03 or 64.04," to make it read, simply, "[a]n appeal under this
chapter." (5) Id. at section 5. House Bill 1011 specifically states that any person who made a
motion for DNA testing before September 1, 2003 "is covered by law in effect when that
motion was submitted." Act of Sept. 1, 2003, 78th Leg., R.S., ch.13, 2003 Tex. Gen. Laws
13, sect. 8, 9. Appellant filed this motion at a time when appeals were only allowed under
sections 64.03 and 64.04. The subject matter of his complaint does not fall within those
sections. 

 Our holding today does not contravene the purpose of Chapter 64, which is to "give
convicted people full access to the courts ... and to provide a check on individual courts'
decisions." House Research Organization, Bill Analysis, Tex. S.B. 3 at 8, 77th Leg.,
R.S. (March 21, 2001); Kutzner at 434-435. Appellant was given the opportunity to have
post-conviction DNA tests performed. The judge then ruled on whether the tests were
favorable or unfavorable to appellant. Chapter 64 authorizes no further actions. Appellant
has received his "check" on the court by being granted the post-conviction DNA test results,
and the intended purpose of Chapter 64 has been fulfilled. 

 We therefore dismiss appellant's appeal.

 Meyers, J.

Delivered: November 12, 2003

Publish
1. Cellmark Diagnostics is a laboratory which conducts DNA identity testing.
2. The PCR method is a newer method which allows smaller samples to be tested for DNA.
3. Unless otherwise noted, all future references to Articles refer to the Texas Code of Criminal
Procedure.
4. As discussed, Article 64.05 specifically prescribes which decisions by the court may be
appealed.
5. Such a change necessarily means one of two things: either the Legislature is broadening the
scope of the appeals under Chapter 64 to include issues pertaining to all Articles of Chapter 64; or, the
Legislature always intended any decision under Chapter 64 to be appealable and is simply correcting a
drafting mistake. We conclude that the Legislature is broadening the scope of Chapter 64 to include
appeals not previously permitted. As mentioned, the Legislature has taken separate steps by
amendment to add appeals for issues under the scope of Articles 64.03 and 64.04. See Kutzner at
434. If the Legislature had wanted to include an appeal process for the entire Chapter 64 at that time,
it could have done so. It did not. Instead, when crafting Article 64.05, the Legislature specifically
referred only to certain articles by using the precise language: "[a]n appeal ... under Article 64.03 or
64.04." Tex. Crim. Proc. Code Ann. art. 64.05 (Vernon Supp. 2003) (emphasis added).