NUMBER 13-05-262-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

THE STATE OF TEXAS,                                                                  Appellant,

 

v.

 

MARCO ANTONIO RODRIGUEZ, 

A/K/A DAVID MACIEL GARCIA, 

A/K/A ERIC LINARES VILLA                                                         Appellee.

 

                             

On appeal from the 138th District
Court of Cameron County, Texas.

 

MEMORANDUM OPINION

 

                     Before
Justices Hinojosa, Rodriguez, and Garza

                            Memorandum Opinion
by Justice Garza








Appellee, Marco Antonio Rodriguez, petitioned the
trial court for post-conviction DNA testing pursuant to chapter 64 of the Texas
Code of Criminal Procedure.  See Tex. Code Crim. Proc. Ann. art. 64.01
(Vernon Supp. 2005).  The trial court
found that appellee met the requirements of chapter 64 and granted the motion
for testing.  On appeal, the State
asserts that the trial court erred in finding that appellee had satisfied the
requirements of chapter 64 and by granting post-conviction DNA testing.  We dismiss for want of jurisdiction.             The Texas Constitution states that
the AState is entitled to appeal in criminal cases, as
authorized by general law.@  Tex. Const. art. V, _ 26.  Texas
courts have uniformly recognized article 44.01 of the Texas Code of Criminal
Procedure as the only Ageneral law@ authorizing the State to appeal in a Acriminal case.@  State v.
Waller, 104 S.W.3d 307, 308 (Tex. App.BDallas 2003, pet. ref=d); see,
e.g., State v. Wilcox, 993 S.W.2d 848, 850 (Tex. App.BAustin 1999, pet. granted); State v. Mohsene,
936 S.W.2d 732, 734 (Tex. App.BDallas 1996, no pet.).  

The State bases its authority to appeal on article
44.01(a)(6).  See Tex.
Code Crim. Proc. Ann. art. 44.01(a)(6) (Vernon Supp. 2005).  However, this specific provision was added by
the legislature in 2003.  See Act
of April 25, 2003, 78th Leg., R.S., ch. 13, _ 7, 2003 Tex. Gen. Laws 13 (current version at Tex. Code Crim. Proc. Ann. art.
44.01(a)(6) (Vernon Supp. 2005).  The Act
provides that such an appeal is only applicable to cases where the defendant
filed the motion on or after the effective date of September 1, 2003, and that
motions filed prior to that date are controlled by law in effect at that
time.  See Act of April 25, 2003,
78th Leg., R.S., ch. 13, _ 8, 2003 Tex. Gen. Laws 13. 








Thus, we apply the law in effect when appellee filed
his motion for post-conviction DNA testing on November 27, 2001.  Prior to the addition of article 44.01(a)(6),
the State was not entitled to appeal an order issued under chapter 64.  See State v. Patrick, 86 S.W.3d 592,
594 (Tex. Crim. App. 2002); Waller, 104 S.W.3d at 308.  Unless the legislature has authorized the
State to appeal a trial court=s granting of a chapter 64 order, we do not have
jurisdiction over the appeal.  See
State v. Ramirez, 62 S.W.3d 356, 358 (Tex. App.BCorpus Christi 2001, no pet.); Waller, 104
S.W.3d at 308.  Because appellee filed
his motion prior to the effective date of article 44.01(a)(6), the State was
not, at the time, authorized to appeal the order in question. 

Accordingly, we dismiss the appeal for want of
jurisdiction.

 

 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Do not publish.                                              

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 6th day of July, 2006.