# NO. 12-13-00058-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KERRY MAX COOK,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Kerry Max Cook attempts to appeal the trial court's order granting postconviction DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. He raises one issue on appeal. We dismiss for want of jurisdiction.

## BACKGROUND

A Smith County grand jury indicted Appellant for the 1977 capital murder of Linda Jo Edwards. Appellant's first trial resulted in a conviction and death sentence, but the conviction and sentence were reversed. Appellant was tried a second time, but the case resulted in a hung jury. In 1994, Appellant was tried a third time. The jury found Appellant guilty and assessed punishment at death. The court of criminal appeals reversed Appellant's conviction and remanded for a new trial due to "prosecutorial and police misconduct."[1] Before Appellant's fourth trial began, Appellant pleaded "no contest" to the lesser included offense of murder.[2] The terms of the agreement provided that Appellant would be credited for the time he had served in prison—"[twenty] years flat time served."

---

[1] *See* **Cook v. State**, 940 S.W.2d 623, 626-27 (Tex. Crim. App. 1996).

[2] Appellant's "no contest" plea was entered on February 16, 1999.

On February 28, 2012, Appellant filed a motion for postconviction forensic DNA testing. Appellant claims that he is factually and actually innocent of the 1977 rape and murder of Linda Jo Edwards. On May 4, 2012, the presiding administrative judge for the First Administrative Judicial Region signed an order that various items stored at the Southwestern Institute of Forensic Sciences and Texas Department of Public Safety Crime Laboratory be subjected to DNA testing. Thereafter, the State submitted a proposed order to the presiding judge of the 114th Judicial District Court in Smith County for DNA testing of items not included in the May 4, 2012 order. The district judge signed the order on February 12, 2013, and Appellant challenges that order in this appeal.

## JURISDICTION

In his sole issue, Appellant contends that the trial court erred by signing the February 12, 2013 order without first holding an evidentiary hearing because some of the items to be tested had a questionable chain of custody. The State asserts that the trial court's order granting DNA testing is not appealable and urges this court to dismiss the appeal for want of jurisdiction.

### Standard of Review

Jurisdiction concerns the power of a court to hear and determine a case. *State v. Riewe*, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000). The standard for determining jurisdiction is not whether an appeal is precluded by law, but whether the appeal is authorized by law. *See Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008) (citations omitted). Where there is no rule and no statutory or constitutional provision that authorizes an appeal, an appellate court lacks jurisdiction to decide the merits of the appeal. *See id.* at 697.

### Authority to Appeal

Chapter 64 of the Texas Code of Criminal Procedure provides the framework within which a convicted person may request forensic DNA testing of evidence. *See generally* TEX. CODE CRIM. PROC. ANN. arts. 64.01-.04 (West Supp. 2013), 64.05 (West 2006). Article 64.05 provides that an appeal under Chapter 64 "is to a court of appeals in the same manner as an appeal of any other criminal matter. . . ." TEX. CODE CRIM. PROC. ANN. art. 64.05. By its plain language, the statute directs that all appeals follow the usual procedures designated for appeals to the courts of appeals. *Swearingen v. State*, 189 S.W.3d 779, 780-81 (Tex. Crim. App. 2006).

Thus, an appeal under Chapter 64 must also satisfy the requirements found in the Texas Rules of Appellate Procedure. *See id.* at 781.

Texas Rule of Appellate Procedure 25.2(a)(2) provides that a defendant has the right to appeal as provided by article 44.02 of the code of criminal procedure. *See* TEX. R. APP. P. 25.2(a)(2). The rule further provides that when a defendant appeals, the trial court must enter a certification of the defendant's right of appeal "each time it enters a judgment of guilt or other appealable order." *See id*. An order that relates to issues which may be litigated on appeal is not necessarily an "appealable order" for purposes of Rule 25.2(a)(2). *See Gutierrez v. State*, 307 S.W.3d 318, 323 (Tex. Crim. App. 2010).

The court of criminal appeals has held that a trial court's order denying a convicted person's motion for DNA testing is an appealable order. *See id.* at 321 (citing *Swearingen*, 189 S.W.3d at 781). A trial court's finding that DNA test results were not favorable to the convicted person is also an appealable order. *See Booker v. State*, 155 S.W.3d 259, 266 (Tex. App.—Dallas 2004, no pet.). But a trial court's denial of a convicted person's request for appointed counsel is not an appealable order, nor is an order that denies a convicted person's request for a record to support his request for DNA testing. *See Gutierrez*, 307 S.W.3d at 323; *Moore v. State*, 82 S.W.3d 747, 748 (Tex. App.—Amarillo 2002, no pet.). In *Gutierrez* and *Moore*, the courts held that the Chapter 64 orders in question were not appealable because the proceedings had not yet begun, or because the appellant's complaint was beyond the scope of Chapter 64 proceedings. *See Gutierrez*, 307 S.W.3d at 323; *Moore*, 82 S.W.3d at 748. And in an unpublished opinion, the Austin court of appeals held that the defendant could not appeal a convicting court's subsequent order granting DNA testing because the trial court was still required to examine the results, conduct a hearing, and make findings under the provisions of Chapter 64. *See Ex parte Padilla*, No. 03-10-00667-CR, 2010 WL 5019166, at *1 (Tex. App.—Austin Dec. 10, 2010, pet. ref'd) (mem. op., not designated for publication). The court noted that the defendant then could appeal the trial court's findings regarding the results of the testing. *Id*.

**Discussion**

On March 8, 2013, the trial court signed a "Certification of Defendant's Right of Appeal," stating that Appellant has no right to appeal the February 12, 2013 order. In an

3

attached memorandum, the trial court states that its certification is based on the reasoning in *Ex parte Padilla*.

Appellant contends that the trial court's reliance on *Ex parte Padilla* is misplaced because that case incorrectly interprets *Swearingen* as a mandate that Chapter 64 appeals be restricted to judgments of guilt or other appealable orders. *See generally Swearingen*, 189 S.W.3d 779. Appellant describes the rules of appellate procedure as containing procedural and substantive requirements. He contends that Rule 25.2(a)(2)'s requirement of "a judgment of guilt or other appealable order" is a substantive provision that was not adopted by the *Swearingen* decision. Instead, Appellant interprets *Swearingen* as requiring that only the appellate rules' procedural provisions, such as filing and time requirements, apply to Chapter 64 proceedings, while substantive provisions, such as the requirement of an appealable order, do not apply. We disagree with Appellant's analysis. Contrary to Appellant's contention, the court in *Swearingen* identifies the order denying DNA testing as an "appealable order." *See Swearingen*, 189 S.W.3d at 781 (stating that "[t]he 'appealable order' order in [the] case was the order denying DNA testing"). Therefore, we conclude Rule 25.2(a)(2)'s appealable order requirement applies to Chapter 64 proceedings.

At oral argument, Appellant maintained that he is entitled to appeal the trial court's order because the State is entitled to appeal orders granting DNA testing. We first note that prior to 2003, the State was not permitted to appeal a favorable postconviction DNA finding under Chapter 64. *See, e.g.*, *State v. Waller*, 104 S.W.3d 307, 308 (Tex. App.–Dallas 2004, pet. ref'd). This is because the legislature had not authorized the state to file such an appeal. *See id.*; *see also Abbott*, 271 S.W.3d at 697 (no appellate jurisdiction in criminal case where appeal not authorized by any rule or statutory or constitutional provision). But in 2003, the legislature gave the state authority to appeal orders issued under Chapter 64. Act of May 9, 2003, 78th Leg., R.S., ch. 13, § 7, 2003 Gen. Laws 16, 17 (codified at Tex. Code Crim. Proc. art. 44.01(a)(6)). Here, the trial court's order granting additional DNA testing does not end the Chapter 64 proceedings. *See, e.g.*, *Ex parte Padilla*, 2010 WL 5019166, at *1-2. Thus, the challenged order is interlocutory, and interlocutory orders generally are not immediately appealable. *See Gutierrez*, 307 S.W.3d at 323 ("interlocutory appeals are viewed as an extraordinary measure and are rarely permitted"). The legislature has not created a statutory provision authorizing convicted persons to appeal Chapter 64 orders that do not terminate the proceedings. *See, e.g.*,

4

*Waller*, 104 S.W.3d at 308. Nor is there any rule or constitutional provision that authorizes the appeal. *See **Abbott***, 271 S.W.3d at 697. Consequently, the trial court's order granting DNA testing is not an "appealable order." *See **Gutierrez***, 307 S.W.3d at 323. Therefore, we hold that we do not have jurisdiction over this appeal. *See* TEX. R. APP. P. 25.2(a)(2); ***Abbott***, 271 S.W.3d at 697.

## DISPOSITION

Having held that we do not have jurisdiction over this appeal, we ***dismiss*** the appeal ***for want of jurisdiction***. *See* TEX. R. APP. P. 43.2(f); ***Abbott***, 271 S.W.3d at 697; ***Waller***, 104 S.W.3d at 308. All pending motions are overruled as moot.

SAM GRIFFITH
Justice

Opinion delivered February 28, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 28, 2014**

**NO. 12-13-00058-CR**

**KERRY MAX COOK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 1-77-179)

---

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*