ACCEPTED
06-15-00078-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
10/29/2015 7:55:05 PM
DEBBIE AUTREY
CLERK

### NO. 06-15-00078-CR

IN THE
**6th DISTRICT COURT OF APPEALS OF TEXAS**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

10/30/2015 10:00:00 AM

DEBBIE AUTREY
Clerk

—————————————

## WILLIAM DEWAYNE WHITE
### Appellant
### V.
## THE STATE OF TEXAS
### Appellee

—————————————

**ON APPEAL FROM THE 336TH JUDICIAL DISTRICT COURT OF FANNIN COUNTY TEXAS, THE HONORABLE LAURINE BLAKE, JUDGE PRESIDING, TRIAL COURT NO. CR-14-25152**

---

### APPELLE BRIEF FOR THE STATE

---

**William S. Porter
State Bar No. 24068385
Assistant Criminal District Attorney
Fannin County, Texas
101 East Sam Rayburn Dr., Ste 301
Bonham, Texas 75418
Telephone: (903) 583-7448
Fax: (903) 583-7682
Email: wporter@fanninco.net**

### ATTORNEY FOR THE STATE

i

# IDENTITY OF THE PARTIES AND COUNSEL

This is an appeal from trial court's final judgement. The parties are the Appellant, and his attorneys and the Appellee. The names of those persons are:

Trial Judge:                          The Honorable Laurine Blake
Court:                            336th Judicial District Court

Appellant:                      William Dewayne White

Counsel for Appellant, at Trial:   Jon O'Toole
The Law Office Jon O' Toole
6401 Eldorado Parkway, Suite 336
McKinney, TX 75070
Phone: 972-548-7167
Fax: 972-548-7168

Counsel for Appellant on Appeal:  Steven R. Miears
211 North Main
Bonham, Texas 75418
Telephone: 903-640-4963
Fax: 903-640-4964

Appellee:                     The State of Texas

Appellee Counsel              Richard E. Glaser
Criminal District Attorney
Fannin County Criminal District
Attorney's Office
101 East Sam Rayburn Drive
Bonham, TX 75418
Telephone: (903) 583-7448
Fax: (903) 583-7682

Appellee Counsel on Appeal:    William S. Porter
Assistant Criminal District Attorney
Fannin County Criminal District
Attorney's Office

# TABLE OF CONTENTS

**Identity of the Parties and Counsel** …………..……………………… ii

**Table of Contents** ……………………….……..………………………… iii

**Index of Authorities** …………………………….……..………...… iv

**Statement of Facts**…………………………………….……….. 1

**Summary of the Argument** ……………………………….… 1

**Argument and Authorities** …………………………………….. 2

   1. **Issue One: Texas law does not require sequestration of every alternate juror**…...…………………………………………. 2

   2. **Issue Two: There was sufficient evidence that the Appellant knowingly delivered the controlled substance in a drug free zone** …………………………………………………… 9

   3. **a. Issue Three, Part A: Facial challenges to the constitutionality of a statue may not be made for the first time on Appeal**……… 13

   3. **b. Issue Three, Part B: Additionally numerous courts have previously found the drug free zone valid, not void due to vagueness or overbreadth**…………...…… 15

**Prayer**……………………………………………………..… 17

**Certificate of Service**……………………………………….. 18

**Certificate of Compliance** ……………………………………..... 18

**INDEX OF AUTHORITES**

**State Cases**                                                                    **Page**

*Barnett v. State,* 201 S.W.3d 231 (Tex. App.– Fort Worth 2006, no pet.).. 14

*Bridges v. State*, 454 S.W.3d 87 (Tex. App. ― Amarillo 2014)..……........ 10

*Ex parte Chambers,* 688 S.W.2d 483 (Tex. Crim. App. 1985)(Campbell,  J., concurring)…………………………………………………………... 14

*Ex parte Lewis*, 219 S.W.3d 335, 369 (Tex. Crim. App. 2007)…………... 14

*Ex parte Peterson*, 117 S.W.3d 804 (Tex. Crim. App. 2003)(Hervey, J. dissenting)……………………….…………………………….....…. 14

*Fluellen v. State*, 454 S.W.3d 152 (Tex. App. ―Texarkana 2003, no pet.).10

*Harris v. State*, 125 S.W.3d. 45(Tex. App.—Austin 2003, pet. dism'd)…. 12

*Hicks v. State,* 2008 Tex. App. Lexis 4414 (Tex. App. ― Dallas, 2008)….. 7

*Karenev v. State*, 281, S.W.3d 428 (Tex. Crim. App. 2009)…………....… 13

*Kutzner v. State, 75 S.W.3d 427 (Tex. Crim. App. 2002)*……………...… 16

*Moore v. State,* 672 S.W.2d 242 Tex-App.—Houston [14th Dist.]………. 14

*Rabb v. State*, 730 S.W.3d 751(Tex. Crim. App. 1987)…………………... 14

*Rose v. State,* 752 S.W.2d 529 (Tex. Criminal. App. 1988)……………… 14

*Sneed v. State,* 209 S.W.3d 782 (Tex. App. ― Texarkana 2006, pet. ref'd). 7

*State v. Waller*, 104 S.W.3d 307 (Tex. App.—Dallas 2003, pet. ref'd)….. 16

*Trinidad v. State,* 312 S.W.3d 23; (Tex. Crim. App. 2010)….………....… 3

*Uribe v. State*, 573 S.W.2d 819 (Tex. Crim. App. 1978) …………………. 2

*Williams v. State*, 127 S.W.3d 442 (Tex. App. ─ Dallas 2004, pet. ref'd…. 9

**Federal Cases**                                                **Page**

*United States v. Koons,* 300 F.3d 985, 993(8th Cir. 2002)……………….. 16

**Texas Statutes**                                              **Page**

TEX. CODE CRIM. PROC. ANN. art. 33.011…………….…….............…………….. 2

        2007 Amendment to art. 33.011………………………………………... 3

TEX. CODE CRIM. PROC. ANN. art. 35.23…………………………………… 3

TEX. HEALTH & SAFETY CODE ANN § 481.134………...…………………. 11

TEX. PENAL CODE ANN. § 6.02…………………………………………... 8

Tex. R. App. 33.1…………………………..………………………....… 6

IN THE
6th DISTRICT COURT OF APPEALS OF TEXAS
_____

**WILLIAM DEWAYNE WHITE**
**Appellant**
**V.**
**THE STATE OF TEXAS**
**Appellee**
_____

**ON APPEAL FROM THE 336TH JUDICIAL DISTRICT COURT OF FANNIN COUNTY TEXAS, THE HONORABLE LAURINE BLAKE, JUDGE PRESIDING, TRIAL COURT NO. CR-14-25152**

TO THE HONORABLE JUDGES THE 6TH DISTRICT COURT OF APPEALS OF TEXAS:

COMES NOW THE APPELLANT, THE STATE OF TEXAS, by and through its CRIMINAL DISTRICT ATTORNEY, Richard E. Glaser, and ASSISTANT DISTRICT ATTORNEY, William S. Porter, and respectfully submits this brief in response to the Appellant's brief on appeal.

## STATEMENT OF FACTS

The State generally accepts Appellant's recitation of the facts except as set forth in specific arguments below.

## SUMMARY OF THE ARGUMENT

Appellant's first point of error was not preserved at trial, because the Appellant did not ask for the jury to be sequestered, thus could not have objected

to the alternate being substituted after being "in recess," and misinterprets Article 33.011(b) with the related case law regarding the discharge of an alternate juror. The substitution of the alternate juror was not error nor was harmful as the alternate had been given all of the same instructions, heard all of the same evidence and the court's charge, and was seated before a verdict was rendered.

Appellant's second point of error is incorrect because under the existing statutes and case law established by *Uribe v. State*, the requirement of a culpable mental state is not extended to the drug-free zone enhancement when the culpable mental state of the wrongful act, delivering a controlled substances, is proven. 573 S.W.2d 819 (Tex. Crim. App. 1978).

The Appellant's third point of error is untimely because it attempts to raises a facial challenge to the constitutionality of a statute for the first time on appeal. Moreover, Texas law has never been that the drug-free zone enhancements are vague or overbroad due to a lack of culpable mental state requirement.

**ARGUMENT AND AUTHORITIES**

**Issue One: Texas law does not require sequestration of every alternate juror.**

In his first point of error the Appellant incorrectly asserts that an alternate juror must be sequestered, that anything less than sequestration amounts to a 'discharge,' and the trial court errored in allowing the alternate to be seated    in

2

this case. The record will show at trial the Appellant could not have objected to the courts failure to sequester because the Appellant did not ask for the jury to be sequestered. Furthermore, the court did not error by seating the alternate juror, and the Appellant could not have been harmed by the seating of the alternate.

Texas law allows for the sequestration of a jury under Article 35.23 of the Texas Code of Criminal Procedure. Article 35.23 provides, at the request of either party or the court "on its own motion," for the sequestering the entire jury which would presumably require the alternate to be sequestered apart from both regular jurors and from any outside contact. TEX. CODE CRIM. PROC. ANN. art. 35.23. The requirements for when a jury is permitted to separate are that the "court shall first give the jurors proper instructions with regard to their conduct as jurors when so separated." *Id*. The Appellant did not at any time request sequestration of the jury under Article 35.23.

Nowhere is his brief does the Appellant mention Article 35.23 of the Texas Code of Criminal Procedure nor does the Appellant mention his failure to request sequestration. The Appellant does try to create a new rule of sequestration by default by misinterpreting the language of *Trinidad v. State* and Article 33.011(b) of the Code of Criminal Procedure. 312 S.W.3d 23 (Tex. Crim. App. 2010). *Trinidad* was decided after the 2007 amendments to Art 33.011which changed when an alternate juror could be seated. Act of June 15, 2007, 80th Leg., R.S., Ch

846, § 1, sec. 33.011, 2007 Tex. Gen. Laws 846 (current version of at TEX. CODE CRIM. PROC. ANN. art. 33.011). This amendment will be discussed subsequently.

The current form of Article 33.011(b), which was examined in *Trinidad*, states:

> Alternate jurors shall be drawn and selected in the same manner, shall have the same qualifications, shall be subject to the same examination and challenges, shall take the same oath, and shall have the same functions, powers, facilities, security, and privileges as regular jurors. An alternate juror who does not replace a regular juror shall be discharged after the jury has rendered a verdict on the guilt or innocence of the defendant…

TEX. CODE CRIM. PROC. ANN. art. 33.011.

In *Trinidad,* the Texas Court of Criminal Appeals determined if error existed when an alternate juror was in jury room with the regular jury during deliberations, ultimately disapproving of the practice. 312 S.W.3d at 23-30. The Court, in passing, during the introduction of the case states:

> the amended statute [33.011(b)] does not indicate whether the alternate juror should be allowed to be present for, and to participate in, the jury's deliberations or, instead, whether he should be sequestered from the regular jury during its deliberations until such time as the alternate's services might be required by the disability of a regular juror.

*Id.* at 24

From this statement, the Appellant implies a requirement that if the alternate juror is not sequestered then the alternate juror is discharged.

4

The Appellant's interpretation this passage in *Trinidad* is misleading. The comment the Appellant's cites come from the introduction not from the case ruling and is not on point. *Id.* at 24. Looking at the context and plain meaning of the language it is clear the Court is suggesting sequestering the alternate juror "from the regular jury" not, as contemplated in Article 35.23, from all outside contact. *Id.* The Trinidad case did not mention nor discuss issues related to Article 35.23.

In the present case, the alternative juror, Ms. Shaw, was acknowledged in the courtroom immediately after the closing arguments, which followed the Court reading the jury charge (IV R.R at 50). Ms. Shaw was told by the court she would be "in recess," (*Id.*). Ms. Shaw was further instructed "to follow all of the rules that have been in place" until she was notified by the bailiff the case was concluded or if she was needed to deliberate (*Id.*). The record indicates she was present for the rest of the jury instructions (*Id.*). Ms. Shaw was at no time discharged, actually or constructively, as is asserted by the Appellant.

At the time of substitution of the alternate juror, Ms. Shaw, the Appellant acknowledged Ms. Shaw's presence "throughout the whole trial," (*Id.* at 58). The Appellant objected to the seating of Ms. Shaw after the disqualification of a regular juror (*Id.*). The basis of the objection was that it prejudiced the defendant because jury deliberations had started 30 to 45 minutes prior (*Id.*). The trial attorney made no mention of Ms. Shaw's being 'discharged'. His acknowledgment of Ms. Shaw

at the "whole trial" is supportive of the judge's order the Ms. Shaw was "in recess" (*Id.* at 50). The defendant had no objection that Ms. Shaw had "stayed in town" presumably because she was still subject to the instructions the Court provided. (*Id.*). An objection that the alternate was not 'sequestered' somewhere at the courthouse was not made because it was not requested nor it is a requirement.

The Appellant made no objection to preserve the alleged error on this point. To preserve error under Rule 33.1 of the Rule of Appellant Procedure:

> the record must show … the complaint was made to the trial court by a timely request, objection, or motion that state the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint ….

TEX. R. APP. P 33.1.

The Appellant could not have objected to the alternate not being sequestered because he did not ask for sequestion. There is no record of an objection the alternate juror being "in recess" (IV R.R. at 50). The Appellant has not shown on the record in this case a timely request to sequester that was denied or ordered. The Appellant was asserted the alternate was "discharged" but used faulty reasoning.

The objection the Appellant did make was regarding prejudice to him because deliberations had already started (IV R.R. at 58). This objection was overruled, and was not error because it was not an abuse of the trial court's discretion to do exactly what the amended Article 33.011(b) of the Code of

Criminal Procedure allows. Prior to the 2007 amendment to Article 33.011 the language of subsection be (b) required discharge of the alternate jury after the jury "retires to consider its verdict." TEX. CODE CRIM. PROC. ANN. art. 33.011. (2006). The amendment changed the language require discharge of the alternate juror "after the jury has rendered a verdict on the guilt or innocence of the defendant." TEX. CODE CRIM. PROC. ANN. art. 33.011. The trial court committed no error by substituting the alternate in compliance with the current form of Article 33.011(b). The ruling of the *Trinidad* case is strong support that the trial court acted appropriately. See Trinidad, 312 S.W.3d at 23-30.

If there was an error in substituting the alternate juror in this case, the law would hold such error was harmless. In 2006, this Court decided the issue of alternate juror substitution in *State v. Sneed*, holding that a constitutional violation requires the trial court's decision to "produce a biased jury." 209 S.W.3d 782, 788 (Tex. App. — Texarkana 2006, pet. ref'd). Noting that jury selection involves "the application of a statutory scheme" not a constitutional one, any error in the substitution of an alternate juror must affect a substantial right. *Id.*

In *Hicks v. State* the Fifth Court of Appeals used *Sneed* to identify two factors that determine if a defendant is harmed by an assumed error in discharging a juror for the substitution of an alternate juror.

> A defendant is not harmed by the trial court's error in discharging a juror where: (1) the record shows the alternate juror seated in the

discharged juror's place was subjected to the same selection process, properly sworn, heard all of the evidence, heard the trial court's charge, and seated before the jury retired [1]; and (2) the record does not show any taint from the alternate juror seated in the discharged juror's place.

2008 Tex. App. Lexis 4414 (Tex. App. — Dallas, 2008). Citing *Sneed,* 209 S.W.3d at 786.

Regarding the first Hicks factor the record shows no error or harm because the alternate juror the met each condition. Alternate Juror, Ms. Shaw, was present at the voir dire conducted by the trial attorneys for the two parties, and was thus subjected to the same selection process as the regular jurors (II R.R. at 22, 127). Prior to opening statements when the regular jurors were properly sworn in, Ms. Shaw was present, and sworn in herself (III R.R. at 15, 20). Ms. Shaw received the same instructions from the trial court judge and was warned against violations of said instructions after recesses with all other jurors present (III R.R. at 20–25, 75, 112, 185, IV R.R. at 19). The record does not at any time reflect that Ms. Shaw was absent during the presentation of evidence, argument, or for the reading of the jury charge. As pointed out earlier Ms. Shaw's presence in the courtroom is acknowledged immediately after the closing arguments, which followed the Court reading the jury charge (IV R.R at 50).

The second factor that *Hicks* looked at deals with issue of maintaining an

---

[1] Sneed was heard prior to the 2007 amendment, of Article 33.011 (b)

unbiased jury by examining the record for "any taint from the alternate juror seated in the discharged juror's place." 2008 Tex. App. Lexis 4414 (Tex. App. — Dallas, 2008). In the present case the record is absent of any taint that is present by Ms. Shaw, the alternate juror, being seated. Thus, the Appellant has not cared his burden of showing harm.

The record showing this point of error was not preserved at trial by a timely and specific complaint, that no abuse of trial court discretion occurred, and no harm was done in seating an alternate juror prior to verdict being rendered, the State asks the Court to overrule the Appellant's first point of error.

**Issue Two: Texas law does not extend a culpable mental state requirement to the drug-free zone enhancements.**

Under Texas law a culpable mental state is not a requirement to prove delivery of a controlled substance, as applied to the drug free zone enhancement. The Appellant's assertion that such a requirement exists is incorrect and has been rejected by several courts. The Appellant's argument presents no novel fact or distinction to support his argument which asks this Court to rule against firmly established precedent.

The Appellant acknowledges that numerous cases have relied upon the reasoning of the Criminal Court of Appeals in the *Uribe v. State* case. 573 S.W.2d 819, 821 (1978 Tex. Crim. App., 1978); See *Williams v. State*, 127 S.W.3d 442,

9

445 (Tex. App. — Dallas 2004, pet. ref'd); See *Fluellen v. State*, 454 S.W.3d 152, 165-66 (Tex. App. —Texarkana 2003, no pet.); See *Bridges v. State*, 454 S.W.3d 87, 88-89 (Tex. App. — Amarillo 2014). These cases have relied upon *Uribe* for good reason. *Uribe* is still sound law and applicable in this case. Reliance by this court and other Courts of Appeal on *Uribe* in examining drug free zone cases is appropriate.

Under section 6.02 of the Texas Penal Code, when an offense is defined it is required to have either a culpable mental state or to "plainly dispense" with that requirement in the definition. TEX. PENAL CODE ANN. § 6.02. In *Uribe* the Court analyzed an offense where the definition "prescribes a culpable mental state" in one subsection and in a subsequent subsection "raise[s] the penalty when the offense is committed in a designated place". The Court concluded an "offense created by [two] Subsections … does not require a culpable mental state beyond that contained in" the defining subsection. *Uribe*, 573 S.W.3d at 821.

The Appellant seeks to the impose a culpable mental state requirement of section 6.02 to the drug free zone enhancement of 381.134(d) of the Texas Controlled Substances Act. The drug free zone enhancement is just that: an enhancement. The section containing this enhancement states, "An offense otherwise punishable under Section 481.112(b) … is a felony of the third degree if it is shown on the trial of the offense that the offense was committed (1) in, on or

within 1,000 feet on any real property that is owned, rented, or leased to a school or school board, the premises of a public or private youth center, or a playground." TEX. HEALTH & SAFETY CODE ANN. § 481.134 (Vernon 1992).

The language "on the trial of the offense" indicates the offense in Section 481.112(b), which contains the culpable mental state of knowingly or intentionally, is to be tried and proven. The plain language of 481.134(d) leads to the following result: the trier of fact believes beyond a reasonable doubt that a person intentionally or knowingly delivered a controlled substance listed in penalty group one, in an amount less than 1 gram, and states as much in the verdict. Once proven, the trier of fact then determines if the offense, punishable by 481.112(b) took place in a drug free zone. The culpable mental state, already proven, is not again applied. If it is found the offense took place in a specific location, as defined by another subsection, the punishment range can be enhanced. This is how Sections 481.112(b) and 481.134(d) operate in alignment with *Uribe*.

Other cases which have looked at this issue have come to the same conclusion. In each case examined below, *Uribe* was cited and recognized as the authority, making it neither wrong nor antiquated as the Appellant asserts.

In *White v. State* the Fifth Court of Appeals, concluded that an offense created by Section 481.112 to which the State added an enhancement did not result in the creation of "a separate offense … as its only effect is to raise the penalty

11

when an enumerated offense is committed in a designated place." 127 S.W.3d 442, 445. The Court rejected the assertion that a culpable mental state is required beyond that contained" in the offense defined in 481.112, when it is enhanced by 481.134. *Id.*

This court, in *Fluellen v. State*, in examining a drug offense enhanced by 481.134 concluded:

> The *mens rea* is connected to the wrongful act. The fact that [an act] took place in a "drug free zone" enhances the punishment. There is nothing that suggests that the intent stretches beyond the criminal offense and that there must also be a separate intent to commit the act in a particular case.

104 S.W.3d 152, 165-166.

In a more recent 2014 decision from the Seventh Court of Appeals these issues were revisited with the same results. In *Bridges v. State* the court considered an appeal that asserted that "the Health and Safety Code created two separate offenses: (1) possession… and (2) possession in a drug free zone" and that the "State was required to prove all the elements of the separate offense criminalized by section 481.134(d), including a culpable mental state with respect to the actor's location" 454 S.W.3d 87, 88. To support his argument the appellant in *Bridges* cited an Austin court of appeals case, *Harris v. State,* 125 S.W.3d. 45, 50 (Tex. App.—Austin 2003, pet. dism'd), which described delivery of controlled substance and delivery in a drug free zone as being separate and distinct offenses. The

12

Seventh Court of Appeals disagreed as *Harris* dealt with the question of which phase of trial drug free zones should be address in. *Id.* Instead the Court, citing *Uribe*, *Williams*, *Fluellen*, and others concluded "the fact that the offense took place in a drug-free zone enhances the punishment by elevating the offense" and "the State need not allege or prove that an accused had a particular *mens rea* with regard to the location at which he possesses the controlled substance." *Id.* at 89.

*Bridges* concluded, "The foregoing being the state of the law on the issue, we are disinclined to hold contrary to that law that the State must prove a culpable mental state with respect to the location of the offense within a drug-free zone." *Id.* The State would ask the Court to overrule appellant's second point of error for the same reason.

**Issue Three, Part A: Facial challenges to the constitutionality of a statue may not be made for the first time on Appeal.**

The State would ask the Court to overrule the Appellant's third point of error for two reasons. The first reason, discussed in this part, is because untimely. The second reason will be discussed in the next part.

In his brief the Appellant recognizes in *Karenev v. State* the Court of Criminal Appeals from 2009 is the controlling case regarding facial challenges to the constitutionality of a statute made for the first time on appeal. 281, S.W.3d 428 (Tex. Crim. App. 2009). In *Karenev* the Court examined the "Rabb exception,"

which a lower court found to applicable, in allowing a facial challenge to the constitutionality of the harassment offense. *Id.* at 429 – 430 citing (*Rabb v. State*, 730 S.W.3d 751(Tex. Crim. App. 1987)). The "Rabb exception" reasoned that a if a statute is "void from its inception,[it] is no law, … and justifies no act performed under it," because it results in a defendant having a "criminal conviction based upon an unconstitutional statute." *Karenev v. State*, 258 S.W.3d 210, 213 (Tex. App. ─ Fort Worth 2008) (quoting *Barnett v. State,* 201 S.W.3d 231 (Tex. App.─ Fort Worth 2006, no pet.)) Thus a defendant should be allowed to bring a facial challenge upon for the first time on appeal. *Id.*

The Court disagreed, after examining the federal and Texas cases found that the trend was to not allow facial challenges brought for the first time on appeal. *Karenev*, 258 S.W.3d at 430 – 434. The authority to support the "*Rabb* exception" was deemed "questionable" and upon review was not held to be sufficient by a majority of the court. *Id.* at 432-433. The cases *Rabb* used as support were seen as "far to broad" (*Moore v. State*, 672 S.W.2d 242 Tex-App.—Houston [14th Dist.]), not on point (*Ex parte Chambers*, 688 S.W.2d 483, 485 (Tex. Crim. App. 1985)(Campbell, J., concurring)), and used "a made-up … rule in search of a rationale to justify its existence" Id. at 434, citing *Rose v. State*, 752 S.W.2d 529 (Tex. Criminal. App. 1988), and quoting *Ex parte Lewis*, 219 S.W.3d 335, 369

(Tex. Crim. App. 2007)(quoting *Ex parte Peterson*, 117 S.W.3d 804, 829 (Tex. Crim. App. 2003)(Hervey, J. dissenting)).

The Appellant argument that *Karenev* should not be the law is hollow. He provides nothing from the facts of this or another case which indicates how or why *Karenev* should not apply to this case, or what distinction may exist in this case to provide this Court the opportunity to consider this argument. Appellant cites no basis for this Court to ignore established precedent and the mandate of *stare decisis* by overruling the Texas Court of Criminal Appeals.

The law in Texas is "that a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute." *Karenev*, 258 S.W.3d at 434. For that reason the State requests the third point of error be denied.

**Issue Three, Part B: Numerous courts have previously found the drug free zone enhancements to be constitutionally valid, not void due to vagueness or overbreadth.**

The substantive portion of the appellant's third point of error, is in fact, an attempt to retread old ground. The Appellant asks the Court to view the statutes containing the drug-free zone enhancements as entirely void because they are vague or overbroad. The specific way the statute is vague or overbroad is essentially the same argument made in point two: the statute does not contain a culpable mental state requirement.

To determine if section 482.134(d) is vague or overbroad the Court should look to the literal and plain meaning of the text at the time it was enacted. *State v. Waller*, 104 S.W.3d 307, 309 (Tex. App.—Dallas 2003, pet. ref'd). If the literal text of a section 481.143(d) is clear and unambiguous the courts will give effect to its plain meaning unless the plain meaning would lead to absurd results. *Kutzner v. State*, 75 S.W.3d 427, 431 (Tex. Crim. App. 2002); Waller, 104 S.W.3d at 309.

As noted in the second point of error, the plain meaning of section 481.134(d) is clear in its language and operation. The language of section 481.134 does not created two offenses. *Williams,* 127 S.W.3d at 445; *Bridges*, 454 S.W.3d at 89. The plain meaning of the language of 481.134, when applied to an offense results in "an enhancement paragraph" and does not "create a separate offense…." *Williams,* 127 S.W.3d at 445. The resulting enhancement paragraph's "only effect is to raise the penalty when an enumerated offense is committed in a designated place". *Id;* See *Fluellen,* 454 S.W.3d at 165-66. The drug-free zone statute is "not unconstitutional for failing to require additional knowledge of intent." *Williams,* 127 S.W.3d at 445 citing (*United States v. Koons*, 300 F.3d 985, 993(8th Cir. 2002) and *Uribe*, 573 S.W.2d at 821). The plain meaning of the drug-free zone statutes contained in 481.134 was described by this Court in *Fluellen.* 454 S.W.3d at 165-66.

16

The precedent in Texas is the drug-free enhancement statues are not void due to vagueness or because they are overbroad. The Appellant has not provided facts from this or any other case which indicates how or why these statutes are void due to vagueness or that the statute is overbroad. The Appellant has not carried his burden and the State would ask this Court to overrule the point of error.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, there being no reversible error appearing in the record of the trial court of this case, the State moves this Court to overrule Appellant's points of error and affirm the conviction. The State further prays for any and all such additional relief as the Court may deem just and appropriate.

Dated: October 29, 2015                    Respectfully submitted,


_____
William S. Porter
State Bar No. 24068385
Assistant Criminal District Attorney
Fannin County, Texas
101 E. Sam Rayburn Drive, Suite 301
Bonham, Texas 75418
Telephone: (903) 583-7448
Fax: (903) 583-7682
ATTORNEY FOR THE STATE

17

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that a true and correct copy of the above foregoing brief was sent via email to counsel for the Appellant, Steven Miears on this the 29rd day of October, 2015.

_____
William S. Porter
Assistant Criminal District Attorney
Fannin County, Texas

## CERTIFICATE OF COMPLANACE

I, the undersigned attorney, hereby certify that foregoing documents contains 3,972 words, exclusive of the portions described by Tex. R. App. P. 9.4(i)(1), as computed by the computer program used to prepare this document.

_____
William S. Porter
Assistant Criminal District Attorney
Fannin County, Texas

The precedent in Texas is the drug-free enhancement statues are not void due to vagueness or because they are overbroad. The Appellant has not provided facts from this or any other case which indicates how or why these statutes are void due to vagueness or that the statute is overbroad. The Appellant has not carried his burden and the State would ask this Court to overrule the point of error.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, there being no reversible error appearing in the record of the trial court of this case, the State moves this Court to overrule Appellant's points of error and affirm the conviction. The State further prays for any and all such additional relief as the Court may deem just and appropriate.

Dated: October 29, 2015                    Respectfully submitted,

William S. Porter
State Bar No. 24068385
Assistant Criminal District Attorney
Fannin County, Texas
101 E. Sam Rayburn Drive, Suite 301
Bonham, Texas 75418
Telephone: (903) 583-7448
Fax: (903) 583-7682
ATTORNEY FOR THE STATE

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that a true and correct copy of the above foregoing brief was sent via email to counsel for the Appellant, Steven Miears on this the 29rd day of October, 2015.

William S. Porter
Assistant Criminal District Attorney
Fannin County, Texas

## CERTIFICATE OF COMPLANACE

I, the undersigned attorney, hereby certify that foregoing documents contains 3,972 words, exclusive of the portions described by Tex. R. App. P. 9.4(i)(1), as computed by the computer program used to prepare this document.

William S. Porter
Assistant Criminal District Attorney
Fannin County, Texas