UNITED STATES of America, Appellee,

v.

Ronald JONES, Defendant-Appellant.

No. 317, Docket No. 85–1232.

United States Court of Appeals,
Second Circuit.

Argued Oct. 25, 1985.

Decided Dec. 11, 1985.

Robin Charlow, New York City (The Legal Aid Society, Federal Defender Services Unit, New York City), for defendant-appellant.

Robert L. Ullmann, Stuart E. Abrams, Asst. U.S. Attys., New York City (Rudolph W. Giuliani, U.S. Atty., for the S.D.N.Y., New York City), for appellee.

Before OAKES, NEWMAN, and MINER, Circuit Judges.

OAKES, Circuit Judge:

Ronald Jones appeals from his conviction for the distribution of heroin within 1,000 feet of a public elementary school in violation of 21 U.S.C. §§ 812, 841(a)(1) (1982), 21 U.S.C.A. § 845a (West Supp.1985), and 18 U.S.C. § 2 (1982), as well as possession of heroin with the intent to distribute it in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1) (1982), and 18 U.S.C. § 2 (1982). He received from the United States District Court for the Southern District of New York, Richard Owen, Judge, concurrent sentences of three years imprisonment on each of the two counts to be followed by six years of special parole on the distribution count. The parole was imposed under the provisions of the so-called "schoolyard" statute, 21 U.S.C.A. § 845a(a) (West Supp. 1985). Jones disputes the applicability of the schoolyard statute to him on the basis that his sale was to an adult, was made in the evening, in a place some distance from the school not frequented by children where there was no threat to school children. We affirm, noting parenthetically that there is no problem in this case as to a lesser included offense since the possession count related to heroin other than that involved in the sale count.

Jones does not contest the constitutionality of the schoolyard statute, which was upheld against challenges both on due process and equal protection grounds by Judge Weinfeld in *United States v. Nieves*, 608 F.Supp. 1147 (S.D.N.Y.1985). Nor does he argue as did the appellant in *United States v. Falu*, 776 F.2d 46 (2d Cir.1985), that the schoolyard statute does not apply to aiders and abettors or to a defendant who did not have specific knowledge of the proximity of a school. Rather, his argument is that he did not directly commit the evil the statute sought to remedy.

The schoolyard statute, as pointed out by Judge Weinfeld in *Nieves*, 608 F.Supp. at 1149 & n. 4, and by the panel in *Falu*, at 48, 50, was introduced to help reduce drug use by children by "threatening pushers who approach our children near schools with stiff penalties." 130 Cong.Rec. S.559 (daily ed. Jan. 31, 1984) (statement of Senator Hawkins). The statute was introduced by Senator Hawkins as an amendment to the Act that became the Comprehensive Crime Control Act of 1984, following a 1982 hearing on drug abuse in the American school system before the Subcommittee on Investigations and General Oversight of the Senate Committee on Labor and Human Resources. Senator Hawkins pointed out that "an alarming number of school children, often as young as 11 or 12," were using drugs and alcohol and that these drugs were "often sold directly to the juve-

niles on or near school grounds by adult dealers. These transactions take place in remote outdoor areas, at local hangouts, or at nearby homes or apartments." 130 Cong.Rec. S.559 (daily ed. Jan. 31, 1984). The 1,000-foot rule was devised to "send a signal to drug dealers that we will not tolerate their presence near our schools." *Id.* The statute penalizes distribution of heroin within 1,000 feet of a school by carrying a term of imprisonment and of special parole up to twice that authorized by section 841(b) for a violation of 21 U.S.C. § 841(a)(1). A second offense carries a minimum sentence of three years and a maximum of life followed by at least three times the special term authorized by section 841(b); section 845a(c) also restricts parole eligibility for second offenders.

Appellant's argument is that, since Jones was convicted of selling drugs at night inside a bar and numbers joint at least 2½ blocks away from an elementary school, his activities did not involve any possibility of affecting school children. He seeks dismissal of the schoolyard portion of the charge and amendment of his sentence and judgment accordingly. But because we "find the terms of [the] statute unambiguous," by direction of the Supreme Court our "judicial inquiry is complete," except in exceptional circumstances. *Rubin v. United States*, 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981). *See also Garcia v. United States*, — U.S. —, 105 S.Ct. 479, 482–83, 83 L.Ed.2d 472 (1984).

The result here is not at variance with the purpose of the schoolyard statute. It does not reward Jones for dealing near a school. *Compare United Steelworkers of America v. Weber*, 443 U.S. 193, 201–07, 99 S.Ct. 2721, 2726–29, 61 L.Ed.2d 480 (1979) (Title VII should not prohibit affirmative action plans benefitting black employees because the statute was intended to benefit blacks), with *United States v. Matteo*, 718 F.2d 340, 342 (2d Cir.1983) (refusing to read an exception into gun transporting statute where to do so would not further overall purpose of limiting access to guns). The statute here simply causes a penalty to fall on someone who arguably is not *directly*

committing what the statute sought to remedy. Indeed, we do not have to go so far as to say that the statute even does that since the scanty legislative history suggests that one of the evils the statute seeks to remedy is the availability of drugs to school children at "local hangouts." The bar/numbers joint at 102 Lenox Avenue between 115th Street and 116th Street which is located within 1,000 feet of Public School 207, an elementary school located on Lenox Avenue between 117th Street and 118th Street, was not shown to be a "hangout" for school children, but was close enough to come literally within the circumscribed area and within the congressional proscription. In any event, since the sale occurred within 1,000 feet of a school, it increased the risk that drugs would become accessible to school children and thereby subjected appellant to the additional penalties Congress prescribed for such sales.

As in *Falu*, we leave to another day the question whether an aider or abettor who does his aiding and abetting outside the 1,000-foot zone in the case of a distribution within the 1,000-foot zone would himself be subject to the enhanced penalty.

Judgment affirmed.