**Berry Ray WILLIAMS, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 05-02-01366-CR.**

Court of Appeals of Texas, Dallas.

Feb. 19, 2004.

Adam Seidel, Dallas, for Appellant.

William T. (Bill) Hill, Jr. and John Henry Stone, Dallas, for State.

Before Justices WHITTINGTON, WRIGHT, and BRIDGES.

## OPINION

Opinion by Justice BRIDGES.

Berry Ray Williams, Jr., appeals his conviction of delivery of a controlled substance in a drug-free zone. Appellant pleaded guilty, and the jury found him guilty and sentenced him to forty years' confinement. In four points of error, appellant argues the drug-free zone provision of the Texas Health and Safety Code (the Code) is unconstitutional on its face and the trial court erred in failing to instruct the jury that the State had the burden to prove beyond a reasonable doubt that the delivery of a controlled substance took place in a drug-free zone. We affirm the trial court's judgment.

Appellant pleaded guilty to delivery of a controlled substance and "true" to the enhancement paragraph alleging the offense took place "in, on, or within 1,000 feet of a premises owned, rented and leased by a school. . . ." In points of error one, two, and three, appellant argues the drug-free zone provision is unconstitutional on its face because (1) it is ambiguous as to the effect an affirmative finding will have on the minimum punishment applicable in any given case, (2) it does not require knowledge or intent on the part of the accused to violate the statute, and (3) the distances it proscribes are arbitrary and capricious.

A statute is unconstitutionally vague if it either forbids or requires the doing of an act in terms that require persons of common intelligence to guess at its meaning. *In re Commitment of Browning,* 113 S.W.3d 851, 863 (Tex.App.-Austin 2003, pet. filed). A facial challenge to a statute is the most difficult challenge to mount successfully because the challenger must establish that no set of circumstances exists under which the statute will be valid. *Santikos v. State,* 836 S.W.2d 631, 633 (Tex.Crim.App.1992). Section 481.134(c) provides the minimum term of confinement or imprisonment for an offense under certain enumerated sections of the Code is increased by five years and the maximum fine for the offense is doubled if it is shown that the offense was committed in, on, or within 1000 feet of the premises of a school or on a school bus. TEX. HEALTH & SAFETY CODE ANN. § 481.134(c) (Vernon Supp. 2004).

Appellant argues the phrase "minimum term of confinement" is ambiguous because it does not specify whether the five-year increase is in addition to an increase in punishment due to enhancement paragraphs alleging prior convictions. TEX. HEALTH & SAFETY CODE ANN. § 481.134(c) (Vernon Supp.2004); *see* TEX. PEN.CODE ANN. § 12.42 (Vernon 2003). When interpreting a statute, we necessarily focus on the literal text of the statute to discern the plain meaning of that text at the time of the statute's enactment. *See Ex parte Evans,* 964 S.W.2d 643, 646 (Tex. Crim.App.1998); *State v. Waller,* 104 S.W.3d 307, 309 (Tex.App.-Dallas 2003, pet. ref'd). If the literal text of the statute is clear and unambiguous, we give effect to its plain meaning without resorting to extraneous means to interpret the statute

unless the plain meaning would lead to absurd results. *Kutzner v. State,* 75 S.W.3d 427, 431 (Tex.Crim.App.2002); *Waller,* 104 S.W.3d at 309.

The plain meaning of the literal text of section 481.134(c) provides that, if an enumerated offense is committed within 1000 feet of a school, the minimum term of confinement, whatever that minimum term may be, is increased by five years. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(c) (Vernon Supp.2004). At least one court has held that the five-year increase is properly added to the minimum term of confinement after enhancement paragraphs under section 12.42 of the penal code are taken into account. *See Hastings v. State,* 20 S.W.3d 786, 791 (Tex. App.-Amarillo 2000, pet. ref'd) (minimum term of confinement after considering prior felonies was twenty-five years; where section 481.134(c) applied, minimum term increased by five years to thirty years). Therefore, we give effect to the plain meaning of section 481.134(c) and apply a five-year increase. *See Waller,* 104 S.W.3d at 309.

■ Appellant further argues section 481.134(c) is unconstitutional because it does not require that an accused have knowledge or intent to commit an offense within a drug-free zone. The indictment in this case alleged appellant knowingly and intentionally delivered a controlled substance, cocaine, in an amount of four grams or more but less than two hundred grams. Cocaine is a substance listed in penalty group one. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.102(3)(D) (Vernon Supp.2004). A person commits an offense if he knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in penalty group one. *Id.* § 481.112(a). The State later added an enhancement paragraph alleging appellant delivered a controlled substance

within 1000 feet of a school. Section 481.134(c) does not create a separate offense, however, as its only effect is to raise the penalty when an enumerated offense is committed in a designated place. *See Uribe v. State,* 573 S.W.2d 819, 821 (Tex. Crim.App. [Panel Op.] 1978). Thus, the offense created by sections 481.112(a) and 481.134(c) does not require a culpable mental state beyond that contained in section 481.112(c). *See id.; see also United States v. Koons,* 300 F.3d 985, 993 (8th Cir.2002) (defendant need not know he distributed drugs within 1000–foot school zone to be convicted under federal drug-free school zone statute, 21 U.S.C. § 860). Accordingly, section 481.134(c) is not unconstitutional for failing to require additional knowledge or intent.

■ Additionally, appellant claims there is no link between the distance proscribed in section 481.134(c) and any harm to be prevented. Therefore, he argues, section 481.134(c) is arbitrary and capricious, rendering it unconstitutional. Any drug-related activity in the vicinity of a school increases the likelihood that drugs would become accessible to the children who attend the school. *United States v. Crew,* 916 F.2d 980, 983 (5th Cir.1990). We conclude that the 1000–foot drug-free zone imposed by section 481.143(c) is not arbitrary or capricious. *See id.; United States v. Jones,* 779 F.2d 121, 123 (2nd Cir.1985) (drug sale within 1000 feet of school increased risk drugs would become accessible to school children and thereby subjected appellant to additional penalties). We overrule appellant's first, second, and third points of error.

■ In his fourth point of error, appellant argues the trial court erred in failing to charge the jury that the State had the burden of proving the drug-free zone issue beyond a reasonable doubt. However, the

record shows otherwise. The trial court specifically charged the jury as follows:

Do you find beyond a reasonable doubt that on the 12th day of December, A.D., 2001, BERRY RAY WILLIAMS, JR., knowingly or intentionally delivered a controlled substance, to-wit: Cocaine in an amount of 4 grams or more but less than 200 grams to K. MANASCO, and further said delivery occurred in, on, or within 1,000 feet of a premises owned, rented, or leased by a school, to-wit: James W. Fannin Elementary School, 4800 Ross Avenue, Dallas, Texas?

Thus, the charge instructed the jury to determine beyond a reasonable doubt whether appellant delivered a controlled substance and, further, whether the delivery took place within 1000 feet of a school. We overrule appellant's fourth point of error.

We affirm the trial court's judgment.