IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00182-CV

 

IN THE
MATTER OF

THE
MARRIAGE OF

 

William
P. Womack

AND

Mari
Jain Womack

 

AND IN THE INTEREST OF

K.D.W. AND J.G.W, MINOR
CHILDREN

 

 



From the 231st District Court

Tarrant County, Texas

Trial Court No. 231-334768-02

 



CONCURRING Opinion










 

          Because the issue in this case is
whether or not the trial court abused its discretion in determining as part of
the dissolution of the marriage that Mari Jain would have the right to
designate the primary residence of the children without regard to geographic
location, much of the discussion in the opinion about relocations is
simply not relevant.

          Late in the opinion, the majority
states:

The relationship William has with his children [during
the marriage] consisted of his absence for two weeks at a time and having to
travel to return to his home.  Further, William is accustomed to traveling long
distances to visit with his family, at both the time of the marriage and at the
time of his divorce.  Therefore, allowing Mari Jain to continue in her
lifestyle would not greatly effect the children’s visitation and communication
with William, while restricting her ability to designate the children’s primary
residence would impact her employment.

 

Both parties chose an internationally mobile
lifestyle in which to raise their family.  Upon divorce, both parties chose to
continue that lifestyle.

 

Majority op. pg. 8.

          We do not reevaluate the trial court’s
original determination of who should have the right to designate a geographic location
based upon a particular contemplated or subsequent relocation.  The issue – of
who has the right to designate the child’s geographic residence – is broader
than that.  And the evidence from the majority opinion which I have quoted
above is the evidence that is relevant to that determination.  The Court’s
conclusion that “we find that the trial court did not abuse its discretion in
finding that Mari Jain has the right to designate the primary residence of her
children without regard to geographic location” is correct.  Id.  I,
therefore, can concur in the judgment.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Concurring
opinion delivered and filed July 12, 2006






/span>Texas,

                                                                      Appellee

 

 

 



From the Criminal District Court 4

Dallas County, Texas

Trial Court Nos. F02-55987, F02-55988 and F02-55989

 



MEMORANDUM 
Opinion



 

            Eric Lee McFail was convicted by a jury of
possession with intent to deliver cocaine, possession of marihuana, and
unlawful possession of a firearm by a felon. 
With respect to the offense of possession with intent to deliver, the
jury answered two special issues in the affirmative: (1) McFail committed the
offense within 1,000 feet of a school and (2) McFail used or exhibited a deadly
weapon during the commission of the offense. 
The jury assessed punishment at 35 years’ confinement for possession
with intent to deliver, 2 years’ confinement for possession of marihuana, and
10 years’ confinement for unlawful possession of a firearm.  McFail brings three issues on appeal:  (1) the prosecution’s improper argument
constitutes reversible error; (2) the “drug-free zone” provision of the Texas
Controlled Substances Act is unconstitutional on its face because it does not
require any knowledge or intent on the part of the accused; and (3) the
provision is unconstitutional because the proscribed distance is arbitrary and
capricious.

          We
will overrule the issues and affirm the judgment.

BACKGROUND

          Dallas
police officers received complaints from citizens that a drug house was being
operated at 2811 Wilhurt, which was within 1,000 feet of W.W. Bushman
Elementary School.  Police officers set
up surveillance across the street from the house and observed individuals enter
the house and then exit in less than a minute. 
After observing the house for about ten minutes, Officers Elliott and
Bricker approached Brandon King, who had exited the house.  Officer Elliott noticed McFail on the front porch
of the house and directed the other officers to detain him.  Officers Castro, Peterson, and McLemore
approached the house.  Peterson testified
that he saw McFail had a gun, warned the other officers, and went to the
backyard to cover the back of the house. 
McFail turned and went into the house. 
McLemore testified that he saw, through the screen door, that McFail was
carrying baggies of marihuana and crack cocaine in his left hand.  McLemore entered the house and saw a gun in
McFail’s right hand.  He pursued McFail
into a back bedroom where McFail dropped the gun and the drugs, jumped on the
bed face down, and put his hands behind his back.  When Castro entered the bedroom moments
later, he observed a second gun on the floor. 
Police found no one else in the house and arrested McFail.  A chemist performed an analysis of the drug
evidence and determined that the total amount was 6.2 ounces of marihuana and
53.4 grams (including adulterants or dilutants) of cocaine.

          McFail’s
brother testified that he drove McFail to the location earlier in the evening
to purchase marihuana.  He testified that
McFail had no other connection to the house and had nothing to do with selling
drugs from the location.  Brandon King
testified he had gone to the house to buy marihuana, that he could not identify
McFail, and did not recall seeing McFail inside the house.  King testified that the drug house was run by
two other individuals, one of whom was named Hector.

Prosecutorial
Misconduct

          McFail contends that the State committed prosecutorial misconduct
in its closing argument.  During closing
arguments, McFail’s counsel asserted that the defense was prevented from filing
a motion to suppress the evidence in the house because McFail did not live
there.  On rebuttal, the prosecutor
picked up the court’s jacket on the cocaine case and addressed the jury:

Ladies and gentlemen, let me respond first to
something Mr. Harris (defense counsel) said. 
He said that they couldn’t file and they didn’t file a motion to
suppress.  Let me respond to that.  October 24, 2002, a motion to suppress was filed by this
defendant in this case contending that he was an overnight guest at 2811 Wilhurt.

 

          Defense
counsel asked to approach the bench, and a discussion followed off the record.  Defense counsel presumably objected to the
prosecution’s statement because the next statement that appears in the record
is the trial court’s: “I’ll sustain the objection.”  Defense counsel requested a mistrial, which
the judge denied.  For the
purpose of determining whether the trial court erred in denying the motion for
mistrial, we will assume without deciding that the jury argument was improper.

The State
argues that McFail did not preserve his complaint for appeal because he did not
request that the court instruct the jury to disregard the improper argument and
obtain an adverse ruling from the trial court on the request.  We agree that McFail may not now complain about
the trial court’s failure to so instruct the jury.  However, McFail did pursue his objection to
an adverse ruling by requesting a mistrial and obtaining an adverse ruling on
that request.  Thus his complaint is
preserved for appeal.  See Cockrell v. State, 933 S.W.2d 73, 89
(Tex. Crim. App. 1996) (Before a defendant may complain on appeal about
improper jury argument, he must show he objected and pursued his objection to
an adverse ruling).

However, in
order to show that the trial court erred in denying the motion for a mistrial,
McFail must show that an instruction to disregard would have been inadequate to
cure the prejudicial effect of the allegedly improper argument.  See
Long v. State, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991) (Reversible error
results from improper prosecutorial argument only when the argument is extreme,
manifestly improper, injects new and harmful facts into the case or violates a
mandatory statutory provision and is thus so inflammatory that its prejudicial
effect cannot reasonably be cured by judicial instruction to disregard
argument.)   Following an objectionable
argument, an instruction by the court to disregard the comment will normally
obviate the error, unless the remark is so inflammatory that its prejudicial
effect cannot reasonably be removed by such an admonishment.  Cooks v. State, 844 S.W.2d
697, 727 (Tex. Crim. App. 1993).  We find
that the State’s argument was not so prejudicial that its effect could not have
been cured by a judicial instruction.

We overrule the
issue

Constitutionality of “Drug-Free Zone”
Provision

          McFail’s second and third issues
contend that section 481.134(c) of the Texas Health & Safety Code is
unconstitutional on its face because it does not require proof of a mental
state and it is arbitrary and capricious. 
Section 481.134(c) provides that if it is shown that specified drug
offenses are committed in, on, or within 1,000 feet of the premises of a school
or on a school bus, the minimum term of confinement or imprisonment is
increased by five years and the maximum fine for the offense is doubled.  Tex.
Health & Safety Code Ann. § 481.134(c) (Vernon Supp. 2004-05).

          McFail argues that the provision is
unconstitutional because it does not require that an accused have knowledge or
intent to commit an offense within a drug-free zone.  Section 481.134(c) does not create a separate
offense; its only effect is to raise the penalty when an enumerated offense is
committed in a designated place.  Williams v. State, 127 S.W.3d 442, 445
(Tex. App.—Dallas 2004, pet ref’d).  The
enumerated offense in this case was knowingly possessing cocaine in the amount
of four grams or more but less than two hundred grams with the intent to
deliver.  See Tex. Health & Safety
Code Ann. § 481.112(a), (d) (Vernon 2003).  Section 481.134(c) is not unconstitutional
for failing to require additional knowledge or intent.  See
Williams, 127 S.W.3d at 445.  We overrule this issue.

          McFail also argues that because there
is no rational link between the statutorily proscribed area and the harm to be
prevented, section 481.134(c) is arbitrary and capricious and therefore
unconstitutional.  Any drug-related
activity in the vicinity of a school increases the likelihood that drugs would
become accessible to the children who attend the school.  United
States v. Crew, 916 F.2d 980, 983 (5th Cir. 1990) (upholding federal
drug-free school statute, 21 U.S.C. § 860); United
States v. Jones, 779 F.2d 121, 123 (2nd Cir. 1985) (drug sale within 1,000
feet of school increased risk drugs would become accessible to school
children).  The 1,000-foot drug-free zone
imposed by section 481.134(c) is not arbitrary or capricious.  See
Williams, 127 S.W.3d at 445.  We overrule this issue.

CONCLUSION

          Having overruled the issues, we affirm
the judgment.

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

Affirmed

Opinion
delivered and filed December 8,
 2004

Do not publish

[CRPM]