

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00465-CR

Randall Dwight **HURST**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 54th Judicial District Court, McLennan County, Texas
Trial Court No. 2012-1949-C1
Honorable Ralph T. Strother, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Catherine Stone, Chief Justice
            Marialyn Barnard, Justice
            Patricia O. Alvarez, Justice

Delivered and Filed:  May 28, 2014

AFFIRMED

Hurst was charged by indictment with possession of cocaine with intent to deliver in a drug-free zone. On May 21, 2013, Hurst entered a plea of guilty to the charge and elected to have a jury assess punishment. The jury assessed punishment at seventy years confinement in the Institutional Division of the Texas Department of Criminal Justice and a $5,000.00 fine. We affirm the trial court's judgment.

**DIFFERENT DRUG-FREE ZONE**

In his first issue, Hurst argues he entered a plea of guilty to possession with intent to distribute within 1,000 feet of *Tennyson Middle School*, but the indictment to which he pled charged him with possession with intent to distribute within 1,000 feet of *Parkdale Elementary School*. Because of the discrepancy, Hurst contends that he pled to an offense for which he was not charged.

The State counters that Hurst pled true to the noticed enhancement and made no objection to the enhancement or the indictment.

## A.      Proceedings before the Trial Court

The indictment, to which Hurst entered a plea of guilty, defined the offense "in, on, or within 1,000 feet of a school, to wit: Parkdale Elementary School." The day before trial, the State filed an amended "Notice of State's Intention to Use Drug-free Zone for Punishment Enhancement," described the offense as "in, on, or within 1,000 feet of a school, to wit: Parkdale Elementary and/or Tennyson Middle School."

During the plea, the trial court acknowledged the apparent confusion between the allegations contained within the indictment and the charges to which Hurst was entering a plea.

Court:   And there's also been a change to the drug-free zone notice. The—in Count 1, the drug-free zone originally said . . . it is further presented in and to said court that the Defendant committed the above offense in, all or within one thousand feet of a school, to wit, Parkdale Elementary School. And that "notice" is now been changed. And I believe, you know, y'all told me off the record that the Defendant was going to stipulate that the school is going to be changed to Tennyson Middle School.

Defense: Your Honor, I believe technically the way it's going to happen is the State's going to abandon the allegation that's actually in the indictment and proceed on the allegation in their notice of enhancement that they filed yesterday.

Court:   Okay. And which is not in the Court's file, is that correct?

State:   That's correct, Your Honor.

Court:   That's what y'all told me. All right.

Defense: Judge, I can provide a copy if the Court wants to see one since the State apparently doesn't have one.

. . . .

Court:    And to the notice—to the notice of the drug-free zone, how do you wish to plead? Are you stipulating to that?

Hurst:    Guilty, sir—True.

Court:    The Tennyson --

State:    The Tennyson Middle School, yes, Your Honor.

Court:    I think everybody's in agreement that that's the way it happened.

Hurst then proceeded to waive the reading of the indictment. The trial court again confirmed the location to which Hurst was entering a plea of true was Tennyson Middle School.

Court:    All right, Mr. Hurst, the Court having received your pleas and waivers, I find you guilty as charged in the indictment. I find the enhancement allegation to be true. And you've stipulated to the drug-zone at the Tennyson Middle School. Is that correct?

Hurst:    Yes, Your Honor.

Court:    All right. I find that to be True also.

We note, that although the reporter's record indicates the State's notice of enhancement was not contained within the court's file, the notification was properly filed on May 20, 2013, and contained within the clerk's record in this cause.

The record clearly shows Hurst entered a guilty plea to the charged offense of possession with intent to deliver and entered a plea of true with regard to Tennyson Middle School as the identified drug-free zone. No objection was lodged regarding any error within the indictment. The trial court painstakingly ensured all parties understood the charges to which Hurst was pleading, including the location of the drug-free zone. *See Williams v. State*, 309 S.W.3d 124, 129 (Tex. App.—Texarkana 2010, pet. ref'd) (holding defendant's plea of true to enhancement precluded insufficiency of evidence to support enhancement).

Hurst avers the identification of the drug-free zone is an element of the charged offense and cannot be waived. We must therefore determine whether Hurst could properly waive any alleged error in the indictment.

## B.     Sufficiency of the Indictment

The general rule is that an indictment must provide the accused with adequate notice of the charges such that the accused may properly plead acquittal or conviction in order to bar future prosecution for the same offense. TEX. CODE CRIM. PROC. ANN. art. 21.11 (West 2009); *Sanchez v. State*, 928 S.W.2d 255, 259 (Tex. App.—Houston [14th Dist.] 1996, no pet.); *see also Kirkpatrick v. State*, 279 S.W.3d 324, 328 (Tex. Crim. App. 2009) (stating test for constitutional sufficiency of an indictment is, "Can the district court and the defendant determine, from the face of the indictment, that the indictment intends to charge a felony or other offense for which a district court has jurisdiction?") (quoting *Teal v. State*, 230 S.W.3d 172, 180 (Tex. Crim. App. 2007)).

In this case, the indictment properly charged Hurst with "did . . . knowingly possess, with intent to deliver, a controlled substance, namely, cocaine, in an amount of four grams or more but less than 200 grams . . . ." *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2010). The indictment tracts the language of the statute and sets forth each of the essential elements of the offense. *Id.*; *see also State v. Mays*, 967 S.W.2d 404, 409 (Tex. Crim. App. 1998) (holding indictment tracking the language of a statute will generally satisfy constitutional notice requirements); *accord Smith v. State*, 309 S.W.3d 10, 14 (Tex. Crim. App. 2010).

For many of the drug offenses charged in the Texas Health and Safety Code, the punishment is enhanced if "the offense was committed in, on, or within 1,000 feet of the premises of a school." TEX. HEALTH & SAFETY CODE ANN. § 481.134(c)(1) (West Supp. 2014). Here, Hurst's charges were enhanced under section 481.134(c). *Id.*

The allegation the offense occurred in a drug-free zone is not part of the substance of the indictment, but simply provides the accused with notice that the State will attempt to use a specific conviction for enhancement of punishment. *See Young v. State*, 14 S.W.3d 748, 750 (Tex. Crim. App. 2000); *see also Brooks v. State*, 957 S.W.2d 30, 33–34 (Tex. Crim. App. 1997); *Hudson v. State*, 145 S.W.3d 323, 326 (Tex. App.—Fort Worth 2004, pet. ref'd). Because a drug-free zone finding is necessary to enhance punishment, but is not an element of the offense or a separate offense, it need not be pled in the indictment. *Young*, 14 S.W.3d at 750; *see Williams v. State*, 127 S.W.3d 442, 445 (Tex. App.—Dallas 2004, pet. ref'd).

We, therefore, conclude the indictment properly charged Hurst with the offense of possession with intent to deliver a controlled substance. We further conclude the State's allegation that the offense occurred within a drug-free zone is an enhancement issue for punishment purposes and need not be included within the indictment.

### C.      Waiver of Defect in the Indictment

Hurst contends that because the State failed to put on evidence that the charged drug possession took place within 1,000 feet of Parkdale Elementary School, the drug-free zone finding should be stricken from the judgment.

Article 28.10 of the Texas Code of Criminal Procedure outlines timely amendments to the State's charging instruments. TEX. CODE. CRIM. PROC. ANN. art. 28.10 (West 2006). Specifically, the statute provides:

> (a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.
>
> (b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

> (c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

*Id.* Thus, absent an objection from the defendant, the State may amend an indictment either before or after the trial on the merits commences. *Id.*; *Teal*, 230 S.W.3d at 177.

The drug-free zone enhancement allegation need not be included in the indictment, and the record establishes the State provided written notice of their intent to proceed with a drug-free zone enhancement, namely "Tennyson Middle School." The record also substantiates that Hurst did not object to the enhancement with the drug-free zone identified as "Tennyson Middle School." Accordingly, because Hurst did not raise any alleged defects to the trial court, he has not preserved error for review. *See* TEX. CODE CRIM. PROC. ANN. art 28.10; TEX. R. APP. P. 33.1; *Teal*, 230 S.W.3d at 177. We overrule Hurst's first issue.

**COURT COSTS**

Hurst next argues the trial court erred in assessing court costs in the amount of $394.00. Hurst contends these costs are penalties and required to be pronounced at sentencing. Further, Hurst argues because there is conflict between the oral pronouncement and the written judgment, the oral pronouncement controls. *See Johnson v. State*, 370 S.W.3d 100, 105 (Tex. App.—Fort Worth 2012, no pet.) (explaining that trial court's written document generally controls over oral pronouncement except for the oral pronouncement of a defendant's sentence). Accordingly, Hurst avers the trial court erred in including the costs not pronounced at sentencing in the judgment.

**A.     Costs versus Fines**

Court costs are "recoupment of costs of judicial resources expended in connection with the trial of the case." *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009). In *Weir*, the Court of Criminal Appeals relied on *People v. Jones*, 861 N.E.2d 967, 975 (2006), for the basic concept

that a fine is punitive and is imposed as part of a convicted defendant's sentence. *Weir*, 278 S.W.3d at 366 (citing *Jones*, 861 N.E.2d at 975). To the contrary, a court "cost" is a "collateral consequence of the defendant's conviction that is compensatory in nature." *Id.* (citing *Jones*, 861 N.E.2d at 975).

"Court costs, as reflected in a certified bill of costs, need neither be orally pronounced nor incorporated by reference in the judgment to be effective." *Armstrong v. State*, 340 S.W.3d 759, 766 (Tex. Crim. App. 2011) (citing *Weir*, 278 S.W.3d at 367). Because "court costs are not punitive" they need not "be included in the oral pronouncement of sentence." *Weir*, 278 S.W.3d at 367. On the other hand, because fines are considered punitive in nature, they must be orally pronounced by the trial court during the sentencing phase. *Armstrong*, 340 S.W.3d at 766.

**B.    Analysis**

Both the State and Hurst provided bills of cost explaining the costs included within Hurst's judgment.[1]  Specifically, the $394.00 is broken down as follows:

| | |
|---|---|
| Costs attendant to drug convictions fee | $60.00 |
| Criminal filing fee | $219.00 |
| Sheriff's release/commitment fee | $5.00 |
| Sheriff's writ service fee | $35.00 |
| Time payment fee | $25.00 |
| Warrant fee | $50.00 |

Hurst contends three of the assessments were non-compensatory, i.e. punitive, and must be pronounced at sentencing: the costs attendant to drug convictions fee, the criminal filing fee, and the time payment fee. The State counters the court costs are compensatory and need not be delineated by the trial court during sentencing. *See Weir*, 278 S.W.3d at 366–67 (holding costs set out in the Texas Government Code are compensatory, not punitive).

---

[1] An appellate court can consider a supplemented bill of cost because the Code of Criminal Procedure does not contemplate bill of costs being prepared and filed before a criminal conviction is appealed. *See Houston v. State*, 410 S.W.3d 475, 479 (Tex. App.—Fort Worth 2013, no pet.).

The "costs attendant to drug convictions" fee is assessed to any individual conviction under chapter 481 of the Health and Safety Code. TEX. CODE CRIM. PROC. ANN. art. 102.0178(a)(2) (West Supp. 2014). The fee is assessed for the maintenance and development of drug court programs operated within the county. *Id.* art. 102.0178(e). Because this is a statutory assessment of costs against the defendant, it is not an additional penalty or punitive. *Weir*, 278 S.W.3d at 366. Therefore, we overrule this contention.

Hurst next argues the "criminal filing fee" was assessed in the amount of $219.00, but article 102.005(a) and (c) set the fee at $40.00, not $219.00. He similarly argues the "time payment fee" is a penalty imposed on a person who has not paid off his fine, court costs, and restitution and is, therefore, a penalty. Hurst, however, fails to recognize these fees and assessments are statutorily provided for as allowable court costs. *See* TEX. CODE CRIM. PROC. ANN. art. 102.005(a), (c) (West 2006); TEX. GOV'T. CODE ANN. §§ 102.021 (West Supp. 2014) (court costs under Code of Criminal Procedure), 102.0212 (court costs under Local Government Code), 102.041 (court costs for district court). Because these fees are statutory assessments of costs, we overrule this contention. *See Weir*, 278 S.W.3d at 366.

Because we conclude the charges contained within the court costs are compensatory charges, allowed under the Texas Code of Criminal Procedure and the Texas Government Code, the trial court properly assessed court costs in the amount of $394.00. We, therefore, overrule this issue on appeal.

## CONCLUSION

Hurst did not raise any complaints as to Tennyson Middle School as the drug-free zone to which he was pleading; he, therefore, failed to preserve error for review. Additionally, because all of the costs assessed against Hurst were costs provided for by statute, we conclude the costs are compensatory and not punitive in nature.

Having overruled each of Hurst's complaints on appeal, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice

DO NOT PUBLISH