Eric Reginald WOODS, Appellant

v.

The STATE of Texas, Appellee

No. 07–14–00227–CR

Court of Appeals of Texas, Amarillo.

March 7, 2016

Rehearing Overruled March 23, 2016

Discretionary Review Refused May 4, 2016

Katherine L. Levy, for Appellee.

John Bennett, for Appellant.

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

## OPINION

Patrick A. Pirtle, Justice

Pursuant to an open plea of guilty, Appellant, Eric Reginald Woods, was convicted of possession of cocaine in an amount of four grams or more but less than 200 grams, with intent to deliver, in a drug-free zone, enhanced by a prior felony conviction.[1] Appellant entered a plea of true to the enhancement paragraph[2] and also plead true to the drug-free zone enhancement. He was sentenced by the trial court to twenty years confinement. By a single issue, Appellant questions whether the elevated punishment for commission of a controlled substance offense in a drug-free zone constitutes cruel and unusual punishment because no showing of a culpable mental state regarding the drug-free zone is currently required. We affirm.

### BACKGROUND

In the early morning hours of October 14, 2012, civilians in the parking lot of a nightclub complained to an officer about someone inside having a handgun. As Appellant left the nightclub, the officer noticed he matched the description of the suspect. Appellant was patted down and marihuana was found in his waistband. He was handcuffed and arrested for possession of marihuana. During a search, another officer discovered $962 in Appellant's pocket. Appellant then kicked off his shoes and yelled that he had "dope" in them. His left shoe had three baggies containing cocaine. At the time, Appellant was within 1,000 feet of a daycare center. He was arrested and charged with possession of cocaine with intent to deliver in a drug-free zone.

---

1. Possession of four grams or more but less than 200 grams of cocaine with intent to deliver is a first degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West Supp. 2015). Enhanced by a prior felony conviction, the offense was punishable by imprisonment for life, or for any term of not more than ninety-nine years or less than fifteen years. In addition to imprisonment, the offense was also punishable by a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.42(c)(1) (West Supp.2015). When committed in a drug-free zone, the minimum term of imprisonment is increased by five years and the maximum fine is doubled. TEX. HEALTH & SAFETY CODE ANN. § 481.134(c)(1) (West Supp. 2015).

2. The enhancement paragraph alleged a first degree felony conviction of aggravated assault against Appellant's mother in 2010.

At his guilty plea hearing, Appellant entered a plea of true to the enhancement paragraph for a prior felony conviction and also plead true to the drug-free zone enhancement. During sentencing, the trial court announced it would assess the minimum sentence allowed by law—twenty years.

Appellant does not contest the sufficiency of the evidence to support his conviction. Rather, he asserts that an elevated punishment for a drug offense committed in a drug-free zone constitutes cruel and unusual punishment for failing to require a culpable mental state. Essentially, Appellant maintains his lack of awareness of a drug-free zone makes his punishment cruel and unusual. We disagree.

APPLICABLE LAW

 The Eighth Amendment to the United States Constitution provides, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend VIII. That provision is applicable to the States through the Fourteenth Amendment. *Furman v. Georgia*, 408 U.S. 238, 239, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) (*per curiam*). The prohibition of cruel and unusual punishment "guarantees individuals the right not to be subjected to excessive sanctions." *Miller v. Alabama*, 567 U.S. ——, 132 S.Ct. 2455, 2463, 183 L.Ed.2d 407 (2012) (citing *Roper v. Simmons*, 543 U.S. 551, 560, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005)). The right to be free from excessive punishment flows from the basic "precept of justice that punishment for crime should be graduated and proportioned" to both the offender and the offense. *Roper*, 543 U.S. at 560, 125 S.Ct. 1183 (quoting *Atkins v. Virginia*, 536 U.S. 304, 311, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002)).

 Finding a federal constitutional principle of proportionality for criminal sentences under the Eighth Amendment, the United States Supreme Court indicated that, in determining the proportionality of a sentence, courts should be guided by the following *objective* criteria: (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for the commission of the same crime in other jurisdictions. *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). *See Harmelin v. Michigan*, 501 U.S. 957, 1004–05, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring in part and concurring in judgment) (Eighth Amendment does not require strict proportionality between crime and punishment but forbids only against sentences that are grossly disproportionate to the crime). Only if the court can infer a sentence is grossly disproportionate to an offense should the court consider the remaining factors in the *Solem* test. *See Winchester v. State*, 246 S.W.3d 386, 389 (Tex.App.—Amarillo 2008, pet. ref'd) (citing *McGruder v. Puckett*, 954 F.2d 313, 315 (5th Cir.1992), *cert. denied*, 506 U.S. 849, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992)). Moreover, state legislatures should be accorded substantial deference and "a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate." *Winchester*, 246 S.W.3d at 389 (quoting *Solem*, 463 U.S. at 290 n. 16, 103 S.Ct. 3001).

ANALYSIS

 The commission of certain drug transactions in a drug-free zone increases punishment by five years and doubles the maximum fine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(c) (West Supp.2015). The statute contains no requirement that the accused be consciously aware that the

offense is being committed in a drug-free zone. Before analyzing whether Appellant's sentence was grossly disproportionate to the offense, we first address whether a culpable mental state is required under section 481.134(c) of the Code.

"If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element." TEX. PENAL CODE ANN. § 6.02(b) (West 2011). Section 6.02 describes the mental states or *mens rea* that must accompany the commission of a crime for a defendant to be guilty of the crime. *Farmer v. State*, 411 S.W.3d 901, 906 n. 6 (Tex.Crim.App.2013). However, section 6.02 does not apply to all crimes. *Id.* (finding that driving while intoxicated is a strict-liability offense even when Ambien instead of alcohol is involved).

"[W]hile there must usually be a 'vicious will' to constitute a crime, there are exceptions to this rule...." *Morissette v. United States*, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952). In *Fleming v. State*, 455 S.W.3d 577 (Tex.Crim.App.2014), an aggravated sexual assault case, the appellant argued section 22.021(a)(1)(B)(iii), (2)(B) of the Texas Penal Code was unconstitutional for failing to require the State to prove a culpable mental state related to the victim's age. In affirming the conviction, the Court rejected the appellant's mistake-of-fact defense as to the victim's age. Strict liability regarding a minor's age furthers the legitimate government interest in protecting children from sexual abuse by placing the risk of mistake on the adult actor. *Id.* at 579.

Likewise, we find that mental culpability is not required when a drug offense is committed in a drug-free zone. A drug-free zone enhancement to punishment is analogous to a strict-liability offense in which there is no "guilty mind" requirement and the actor does not have to possess the *mens rea* to commit the crime. "Most strict-liability offenses are associated with the protection of public health, safety, or welfare...." *Fleming*, 455 S.W.3d at 581. Drug offenses committed within 1,000 feet of designated locations increases the risk that drugs may become available to children and thereby subject defendants to additional penalties. *Williams v. State*, 127 S.W.3d 442, 445 (Tex.App.—Dallas 2004, pet. ref'd). In *Williams*, the appellant's constitutional challenge to his increased punishment for failing to require a culpable mental state was rejected noting that section 481.134(c) does not create a separate offense for which mental culpability is required. *Id.* at 445.

The offense in this case is possession of cocaine in an amount of four grams or more but less than 200 grams with intent to deliver. *Id.* The drug-free zone provisions of section 481.134(c) do not describe a new or different offense; rather, they merely provide that the "minimum term of confinement or imprisonment for an offense" punishable under section 481.112(d) "is increased by five years and the maximum fine for the offense is doubled...." It is simply an aggravating element for which scienter is not required.

■ Having concluded that a culpable mental state for a drug-free zone is not required, we turn to Appellant's cruel and unusual punishment argument. Appellant was convicted of a first degree felony punishable for a term of not more than ninety-nine years or less than five and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.32 (West 2011). His conviction was enhanced under section 12.42(c)(1) of the Code for a previous felony conviction other than a state jail felony (aggravated assault of his mother). His punishment under the habitual felony statute was increased to a

term of not more than ninety-nine years or less than fifteen years and a fine not to exceed $10,000. Finally, as correctly determined by the trial court, the minimum period of confinement was increased to twenty years by the drug-free zone provisions of section 481.134(c).

As such, the sentence actually imposed was the minimum that could be assessed under the statutory scheme for enhanced and increased punishments applicable in Appellant's case. Additionally, no fine was assessed against him. Under these circumstances, we conclude Appellant's sentence is not grossly disproportionate to the crime.[3] Consequently, we reject Appellant's argument that the minimum sentence assessed by the trial court constituted cruel and unusual punishment which dispenses with an analysis of the remaining *Solem* factors. *Winchester*, 246 S.W.3d at 389. Appellant's sole issue is overruled.

CONCLUSION

The trial court's judgment is affirmed.

---

3. Appellant also argues that the statutory scheme for increased punishment "serves no legitimate penological goal." We find his argument unpersuasive. The intent behind increased punishment for a drug offense committed in a drug-free zone is to protect children from the increased risk of accessibility to drugs. *Williams*, 127 S.W.3d at 445 (citing *United States v. Jones*, 779 F.2d 121, 123 (2nd Cir.1985)).