

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,867-01

### EX PARTE CORY DALE MORGAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 12-1212-K368A IN THE 368TH DISTRICT COURT FROM WILLIAMSON COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with intent to distribute four grams or more but less than 200 grams of methamphetamine, a first-degree felony, and was sentenced to twenty years' incarceration. TEX. HEALTH & SAFETY CODE 481.112(d). There was no direct appeal.

In his habeas application, Applicant claims that he decided to plead guilty based on counsel's bad advice regarding parole eligibility, so he asserts that his plea was involuntary. *See Strickland v.*

*Washington*, 466 U.S. 668, 687 (1984); *Ex Parte Moussazadeh,* 361 S.W.3d 684 (Tex. Crim. App. 2012). The trial court recommends granting habeas relief, and this Court agrees that relief should be granted.

Applicant was arrested near a playground with methamphetamine and a firearm. The State had offered a choice of two plea deals: 15 years and an affirmative drug-free-zone finding, which would require cumulation on another one-year state-jail sentence in an unrelated theft case, or 20 years and an affirmative deadly-weapon finding, which would not require the cumulation. Counsel told Applicant that he would be eligible for parole sooner if he chose the 20-year deadly-weapon option, which is what Applicant did. Applicant will become parole eligible when he has served half the 20-year sentence, i.e., 10 calendar years in prison. TEX. GOV'T CODE 508.145(d)(1). Applicant asserts, however, that he would have become parole eligible sooner under the 15-year drug-free-zone plea option.

Trial counsel provided an affidavit on remand that detailed the advice he gave Applicant. It remained unclear to this Court, however, whether counsel's advice regarding when Applicant would become parole eligible under each plea option was correct. The application was filed and set for resolution in a briefing order.

Since, the trial court forwarded to this Court its Agreed Proposed Second Supplemental Findings of Fact and Conclusions of Law After Remand and Order for Briefs. According to these findings, trial counsel now indicates that his advice to Applicant was incorrect. The State agrees. The trial court finds in pertinent part as follows (paragraph numbers omitted):

> [Counsel] has since contacted a parole specialist and done some additional legal research and now believes that his advice to Applicant regarding parole consequences of the fifteen-year offer was incorrect. It is now [counsel's] understanding that had

Applicant accepted the fifteen-year offer, the minimum term of confinement that he could have pled to was ten years since the punishment range was increased by five years pursuant to Section 481.134(c). However, according to Texas Government Code Section 508.145(e), Applicant would only be required to serve five years in prison before becoming eligible for parole. Therefore, Applicant would become parole eligible sooner if he accepted the fifteen year offer with a Drug-Free Zone finding than if he had accepted the twenty-year offer that included a deadly weapon finding.

[Counsel's] advice to Applicant regarding the parole consequences of his plea was incorrect.

The findings are supported by the habeas record and applicable law and are adopted by this Court. Had Applicant chosen the 15-year drug-free-zone plea option, the applicable punishment range would have been 10 to 99 years or life in prison, and Applicant would have been parole eligible after discharging the one-year state-jail sentence for theft and then serving five years of calendar time on the fifteen-year methamphetamine sentence. *See* TEX. HEALTH & SAFETY 481.134(c)[1]; TEX. GOV'T CODE 508.145(e)[2]; *Williams v. State*, 127 S.W.3d 442, 445 (Tex. App.—Dallas 2004) (stating that 481.134(c)'s "only effect is to raise the penalty when an enumerated offense is committed in a designated place"). Of course, as trial counsel correctly informed Applicant, "[P]arole eligibility does not by any means guarantee release on parole, and [] the parole board would ultimately decide when, if ever, he would be released prior to the completion of his sentence."

---

[1] "The minimum term of confinement or imprisonment for [first-degree possession with intent to deliver 4-200 grams of methamphetamine] is increased by five years and the maximum fine for the offense is doubled if it is shown on the trial of the offense that the offense was committed [] within 1,000 feet of ... a playground."

[2] "An inmate serving a sentence for which the punishment is increased under Section 481.134, Health and Safety Code [Drug-Free Zones], is not eligible for release on parole until the inmate's actual calendar time served, without consideration of good conduct time, equals five years or the term to which the inmate was sentenced, whichever is less."

Because Applicant was misinformed regarding parole eligibility under the two plea options and because Applicant has shown that he would not have accepted the plea option taken but for the bad parole advice, relief is granted. The judgment in Cause No. 12-1212-K368 in the 368th District Court of Williamson County is set aside, and Applicant is remanded to the custody of the Sheriff of Williamson County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Applicant's remaining claims are denied, and the briefing order is withdrawn. Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: May 18, 2016
Do not publish