# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00212-CR

**Matthew Joe Lopez, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF MILLS COUNTY, 35TH JUDICIAL DISTRICT
## NO. 3216, HONORABLE STEPHEN ELLIS, JUDGE PRESIDING

## O P I N I O N

Appellant Matthew Joe Lopez entered an open plea of guilty to a charge of delivery of a controlled substance in a drug-free zone, methamphetamine, in an amount of less than one gram. *See* Tex. Health & Safety Code §§ 481.112(b), 481.134(b). After holding a punishment hearing, the trial court sentenced Lopez to six years' imprisonment. In his sole appellate issue, Lopez relies on the Equal Protection Clause of the United States Constitution to contend that Texas Government Code section 508.145(e)[1] and Texas Health and Safety Code section 481.134[2] are unconstitutional

---

[1] "An inmate serving a sentence for which the punishment is increased under Section 481.134, Health and Safety Code, is not eligible for release on parole until the inmate's actual calendar time served, without consideration of good conduct time, equals five years or the term to which the inmate was sentenced, whichever is less." Tex. Gov't Code § 508.145(e).

[2] As applicable to this case, section 481.134 provides, "An offense otherwise punishable as a state jail felony under Section 481.112 . . . is punishable as a felony of the third degree . . . if it is shown at the punishment phase of the trial of the offense that the offense was committed: (1) in, on, or within 1,000 feet of premises owned, rented, or leased by an institution of higher learning, the premises of a public or private youth center, or a playground; or (2) in, on, or within 300 feet of the

as applied to this case because "they punish [him] more harshly than a defendant who was not induced to sell to law enforcement in a drug free zone."**³**

"The United States Supreme Court has interpreted the Fourteenth Amendment's Equal Protection Clause as 'essentially a direction that all persons similarly situated should be treated alike.'" *Estes v. State*, 546 S.W.3d 691, 697 (Tex. Crim. App. 2018) (quoting *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). Because Lopez has not alleged or shown that the statutes he challenges proscribe legally protected activities or involve discrimination against a protected class based on race, alienage, or national origin, we presume that the statutes are valid and will uphold them if they are "but 'rationally related to a legitimate state interest.'" *Id.* (quoting *City of Cleburne*, 473 U.S. at 440). When, as here, the defendant brings an as-applied constitutional challenge, he bears the burden of producing evidence to refute "the presumption that the Legislature acted both rationally and validly in enacting the law under review." *Id.* at 698. "This is a heavy burden." *Id.* "We review *de novo* a challenge to the constitutionality of a statute." *Vandyke v. State*, 538 S.W.3d 561, 570 (Tex. Crim. App. 2017).

Courts around the country have upheld laws prohibiting the sale or possession of controlled substances near areas frequented by children against equal protection challenges. *See* Tracy A. Bateman, Annotation, *Validity, Construction, and Application of State Statutes Prohibiting Sale or Possession of Controlled Substances Within Specified Distance of Schools*, 27 A.L.R.5th 593

premises of a public swimming pool or video arcade facility." Tex. Health & Safety Code § 481.134(b).

**³** The State argues that Lopez did not preserve his equal protection issue because he did not raise it before or during the punishment hearing. For the purposes of our analysis, we will assume, without deciding, that Lopez has preserved his appellate issue.

(1995) (collecting cases); *see also United States v. Crew*, 916 F.2d 980, 984 (5th Cir. 1990) (per curiam) (holding that federal law enhancing sentence for distributing a controlled substance within 1,000 feet of a school did not violate equal protection). We likewise reject Lopez's equal protection challenge. The State has a legitimate interest in protecting children and students from controlled substances. *See Siena Corp. v. Mayor & City Council of Rockville Md.*, 873 F.3d 456, 464 (4th Cir. 2017) (noting that protecting students from illicit drugs falls "within the heart of the state's police power"). The State's use of the challenged laws is rationally related to the protection of children because, by providing potentially harsher penalties for those who deliver controlled substances near areas frequented by children, the laws attempt to deter such behavior. *See Crew*, 916 F.2d at 984 (noting that "the schoolyard statute was designed to reach and deter" the sale of drugs near a school, which "exposes school children to all the dangers that drug related crime engenders"); *see also Williams v. State*, 127 S.W.3d 442, 445 (Tex. App.—Dallas 2004, pet. ref'd) (upholding section 481.134 against a facial constitutional challenge, stating that "[a]ny drug-related activity in the vicinity of a school increases the likelihood that drugs would become accessible to the children who attend the school," and holding that "the 1000-foot drug-free zone imposed by section 481.143(c) is not arbitrary or capricious"). Lopez points to no evidence to the contrary.[4] Accordingly, we overrule his sole appellate issue.

---

[4] On appeal, Lopez asserts that an undercover police officer "manipulated the drug free zone laws to induce Lopez to sell in a city park." To the extent that Lopez is arguing that he was a victim of entrapment, we note that he made no such allegations before or during the punishment hearing and that he has not directed our attention to any evidence of inappropriate police conduct in the record before us.

**CONCLUSION**

We affirm the trial court's judgment of conviction.

_____

Chari L. Kelly, Justice

Before Chief Justice Rose, Justices Triana and Kelly

Affirmed

Filed:   May 29, 2019

Publish