

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00097-CR

---

DERRICK BARRY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2021-423165; Honorable Douglas H. Freitag, Presiding

---

December 19, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Pending before this Court is a motion to withdraw supported by a brief filed pursuant to *Anders v. California*.[1]  Pursuant to an open plea of guilty, Appellant, Derrick Barry, was convicted of three counts of sexual offenses as follows:

| | | |
|---|---|---|
| Aggravated sexual assault (Count I) | TEX. PENAL CODE ANN. § 22.021(a)(2)(B) | Fifty years |
| Indecency with child by contact (Count II) | TEX. PENAL CODE ANN. § 22.11(a)(1) | Twenty years |
| Indecency with child by exposure (Count III) | TEX. PENAL CODE ANN. § 22.11(a)(2)(A) | Ten years |

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

The trial court ordered the sentences in Counts I and II to run concurrently but ordered the sentence in Count III to run consecutively to the concurrent sentences. We affirm and grant counsel's motion to withdraw.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of the right to file a pro se response if he desired to do so, and (3) informing him of the right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).[2] By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant filed a response by which he complains of the severity of his punishment which he contends was based on emotion and not the evidence presented. The State notified this Court it would not file a response unless Appellant presented any meritorious issues.

---

[2] Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review. *Id.* at 408 n.22, 411. The duty to send the client a copy of this Court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

By the *Anders* brief, counsel advances cruel and unusual punishment as a potential error given Appellant's sentences but after reviewing the record, he concedes they are within the statutory range, not grossly disproportionate to the offenses, and do not present reversible error. *Woods v. State*, 488 S.W.3d 809, 811 (Tex. App.—Amarillo 2016, pet. ref'd); *Winchester v. State*, 246 S.W.3d 386, 389 (Tex. App.—Amarillo 2008, pet. ref'd).[3] Additionally, a trial court has broad discretion to cumulate sentences. TEX. CODE CRIM. PROC. ANN. art. 42.08(a); *Byrd v. State*, 499 S.W.3d 443, 446 (Tex. Crim. App. 2016). Counsel also reviewed various objections which, even if erroneous, would not be harmful in light of the entire record.

When we have an *Anders* brief by counsel and a pro se response by an appellant, we have two choices. We may determine the appeal is wholly frivolous and issue an opinion explaining we have reviewed the record and find no reversible error; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (citing *Anders*, 386 U.S. at 744), or we may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief issues. *Id.* (citing *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991)).

We too have independently examined the record to determine whether there are any non-frivolous issues which might support this appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford*, 813 S.W.2d at 511. We have found no such issues. *See Gainous v. State*, 436

---

[3] Although the judgment for Count III does not include a special finding on cumulation, the summary portion of that judgment ordering the sentence to run consecutively to the concurrent sentences in Counts I and II is valid. A cumulation order is deemed sufficient when the same court on the same day pronounces the cumulation order. *See Ex parte Lewis*, 414 S.W.2d 682, 683 (Tex. Crim. App. 1967). *See also Turner v. State*, 733 S.W.2d 218, 221 (Tex. Crim. App. 1987) (quoting *Bullard v. State*, 40 Tex. Crim. App. 348, 50 S.W.348 (1899) (holding cumulation order is valid if convictions occur at the same term in which appellant is tried)). In the underlying punishment phase, the trial court pronounced the sentence in Count III would run consecutive to concurrent sentences in Counts I and II at the same time.

S.W.2d 137, 138 (Tex. Crim. App. 1969).  After reviewing the record, counsel's brief, and Appellant's pro se response, we agree with counsel there is no plausible basis for reversal of Appellant's conviction.  *See Bledsoe*, 178 S.W.3d at 826–27.

**CONCLUSION**

The trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Alex Yarbrough
Justice

Do not publish.

4